**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(MIAMI DIVISION)**

CASE NO. 0:17-cv-20459-JLK

DESIREE MARENGO,
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

MIAMI RESEARCH ASSOCIATES, LLC,
d/b/a QPS MIAMI RESEARCH ASSOCIATES,
a Florida corporation,

      Defendant.

_____/

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

It is hereby stipulated and agreed, by and among Plaintiff Desiree Marengo ("Plaintiff")
and Defendant Miami Research Associates, LLC ("Defendant"), that the Court should, for good
cause shown, enter the following Protective Order to protect the confidentiality of certain
documents and other information which may be produced through discovery in this Litigation:

## PROTECTIVE ORDER

1.    **Scope.**  This Protective Order shall govern all products of discovery and all
information derived therefrom, including, but not limited to, all documents, objects or things,
deposition testimony, responses to interrogatories, requests for admission, requests for
production and/or subpoenas, and any copies, excerpts or summaries thereof, produced by any
entity informally or pursuant to the requirements of any court order in the above-captioned
matter (the "Litigation").  Together, the Plaintiff and Defendant in this Litigation, as well as their

officers, directors, employees and agents (including without limitation their legal counsel), are hereinafter referred to as the "Parties."

2.      **Confidential Information.**  "Confidential Information" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided by any producing Party, including any non-party, in discovery in this action ("Discovery Material"), which contains non-public, confidential, or proprietary information, whether personal or business-related.  It includes, but is not limited to, the following:  (a) proprietary or commercially sensitive information; (b) personal financial information or any information covered by state and federal laws protecting the privacy and security of personal information; (c) any non-public personal information ("NPPI") or other confirmation information of consumers; (d) any information that should otherwise be subject to confidential treatment under applicable federal or state law, as well as any information subject to confidentiality pursuant to statute; (e) proprietary business manuals, policies, and procedures; (f) current and past business planning information; (g) contracts with third-party vendors; (h) trade secrets; (i) past or current company personnel or employee information; and (j) intellectual property. Certain limited types of Confidential Information may be further designated, as defined and detailed below, as for Attorneys' Eyes Only Information.

3.      **Attorneys' Eyes Only Information.**  The "Attorneys' Eyes Only" designation shall be reserved for the following categories of Discovery Material:  (a) know-how, proprietary data, or business, financial or commercial information, the disclosure of which is likely to cause harm to the competitive position of the Designating Party; (b) any information, document, or thing that qualifies as a trade secret under applicable state or federal law; or (c) nonpublic

2

information relating to unreleased products and services, products and services in development, business and marketing plans, or business and marketing plans in development.

4.    **Requirement of Good Faith**.  All such Confidential Information or Attorneys' Eyes Only Information designations shall be made in good faith by the Party (or non-party) making the designation ("Designating Party") and shall be made at the time of disclosure, production, or tender to the Party receiving the same ("Receiving Party"), or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a Party may so designate Discovery Material after such inadvertent failure subject to the protections of this Protective Order.  Designations of Confidential Information or Attorneys' Eyes Only Information shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Party and that there is a valid and good faith basis for such designation, and that disclosure of such information to persons other than those permitted access to such material hereunder would cause competitive injury to the Designating Party or non-party.

5.    **Designation of Confidential Information or Attorneys' Eyes Only Information**.  The designation of Discovery Material in the form of documents, responses to admissions, requests for production and interrogatories, or other tangible materials (including, without limitation, DVDs, CD-ROMs and tapes), other than depositions or other pretrial testimony, as Confidential Information or Attorneys' Eyes Only Information shall be made by the Designating Party in the following manner:

a.    Documents designated Confidential Information shall be so marked by conspicuously affixing the legend "CONFIDENTIAL" or similar designation on each page containing any Confidential Information (or in the case of computer medium on the medium and

3

its label and/or cover) to which the designation applies.  Such designated Discovery Material shall be identified by Bates number and, to the extent practical, the Confidential legend shall be placed near the Bates number.

       b.    Documents designated Attorneys' Eyes Only Information shall be so marked by conspicuously affixing the legend "ATTORNEYS' EYES ONLY" or a similar designation on each page containing any Attorneys' Eyes Only Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall be identified by Bates number and, to the extent practical, the Attorneys' Eyes Only Information legends shall be placed near the Bates number.

       c.    If a document has more than one designation, the more restrictive or higher confidential designation applies.

       d.    Only information or material that the Designating Party shall in good faith deem to be Confidential Information or Attorneys' Eyes Only Information shall be so designated, but an entire document or materials may be designated as confidential if any part of it contains Confidential Information, unless the Designating Party elects to designate only portions of the document or material as confidential.

      6.    **Permissible Access to Confidential Information.**  Subject to all other provisions of this Protective Order, "Qualified Persons" having access to Discovery Material designated Confidential Information in this Litigation are:

       a.    The attorneys for the Parties in this action ("outside counsel"), and their employees whose duties and responsibilities require access to such materials;

       b.    In-house attorneys who have responsibility for maintaining, defending, or evaluating this Litigation or otherwise assisting trial counsel;

      c.      Retained experts for Plaintiff or Defendant (as well as their employees whose duties and responsibilities require access to such material(s)) who are not current employees of any Party to this Litigation, and are not a direct competitor of any Party to this Litigation;

      d.      Stenographic and video reporters engaged in proceedings incident to this Litigation;

      e.      Outside document copying services, document coding or computerization services, demonstrative exhibit vendors and jury consultants;

      f.      Any mediator or settlement officer agreed upon by the Parties or otherwise ordered by the Court; and

      g.      The Parties to this Litigation.

Notwithstanding any other provision of this Protective Order, access to documents designated as Confidential Information shall be permitted to vendors listed in Paragraph 6(e) without need for the execution of Exhibit A.  For purposes of Paragraph 6(e), "document" refers to paper documents, video tapes, DVDs, CD-ROM's, computer disks, or other similar media. The outside counsel providing documents designated as Confidential Information to outside document copying services or document coding or computerization services shall take reasonable efforts to ensure the service's compliance with the provisions of this Protective Order.

7.    **Permissible Access to Attorneys' Eyes Only Information.**   The Parties shall have no access to Discovery Material designed Attorneys' Eyes Only Information.  Subject to all other provisions of this Protective Order, "Qualified Persons" having access to Discovery Material designated Attorneys' Eyes Only Information in this Litigation, are:

a.      The attorneys for the Parties in this Litigation, and their employees whose duties and responsibilities require access to such materials;

b.      In-house attorneys who have responsibility for maintaining, defending or evaluating this Litigation or otherwise assisting trial counsel;

c.      Retained experts for Plaintiff or Defendant (as well as their employees whose duties and responsibilities require access to such material(s)) who are not current employees of any Party to this Litigation, and are not a direct competitor of any Party to this Litigation;

d.      Stenographic and video reporters engaged in proceedings incident to this Litigation; and

e.      Outside document copying services, document coding or computerization services, demonstrative exhibit vendors, and jury consultants.

Notwithstanding any other provision of this Protective Order, access to Attorneys' Eyes Only Information shall be permitted to vendors listed in Paragraph 7(e) without need for the execution of Exhibit A.  For purposes of Paragraph 7(e), "document" refers to paper documents, video tapes, DVDs, CD-ROM's, computer disks, or other similar media.  The outside counsel providing documents designated as Confidential Information to outside document copying services or document coding or computerization services shall take reasonable efforts to ensure the service's compliance with the provisions of this Protective Order.

8.      **Procedure for Experts**.  Qualified Persons defined in Paragraphs 6(c) or 7(c) shall be allowed access to Confidential Information or Attorneys' Eyes Only Information, as limited by Paragraphs 2 and 3 of this Protective Order, only after complying with the following procedure:

a.      Before receiving any Confidential Information or Attorneys' Eyes Only Information, the person shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the Endorsement form attached hereto as Exhibit A, that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Protective Order.

b.      Outside counsel for each Receiving Party shall retain a copy of each such Endorsement form (Exhibit A).

9.      **Permissible Use Of Protected Discovery Material.**  Confidential Information and Attorneys' Eyes Only Information, and the substance or content thereof, including any notes, memoranda, or other similar documents relating thereto (collectively, "Protected Discovery Material"), shall be used by a Receiving Party solely for the purpose of this Litigation and any appeals therefrom, and for no other purpose.  It shall not be made available, or disclosed, or summarized to any persons, including the Parties, other than as permitted by Paragraphs 6 through 8 of this Protective Order.  Protected Discovery Material shall be maintained by the Receiving Party under the overall supervision of outside counsel.  Plaintiff hereby consents that Defendant may produce Protected Discovery Material containing NPPI to Plaintiff and to counsel for Plaintiff.

With respect to Confidential Information produced by Defendant that contains NPPI, the Parties agree that:

a.      In no event shall any Receiving Party disclose the NPPI of any individual to any Party or non-party other than the individual;

b.       Defendant shall not be liable for any disclosure by any Party other than Defendant, or by any non-party, of Protected Discovery Material produced in this Litigation containing NPPI;

c.       Any production by Defendant of Protected Discovery Material containing NPPI of Plaintiff to Plaintiff is a permissible disclosure.

10.       **Reasonable Care.**   Any person in possession of Protected Discovery Material shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Confidential Information and Attorneys' Eyes Only Information in order to ensure that the confidential or highly confidential nature of the same is maintained.

11.       **Disclosure of Protected Discovery Material.**   The inadvertent or unintentional disclosure of Protected Discovery Material, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Designating Party's claim of Confidential Information or Attorneys' Eyes Only Information, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.

12.       If Confidential Information or Attorneys' Eyes Only Information is disclosed to anyone other than in a manner authorized by this Protective Order, whether by inadvertence or otherwise, the Party responsible for such improper disclosure must immediately:  (a) bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the Confidential Information; (b) make every reasonable effort to retrieve such Confidential Information and Attorneys' Eyes Only Information and to prevent further disclosure; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to execute the attached Exhibit A.

13.     If an inadvertent or unauthorized disclosure of NPPI in Protected Discovery Material produced by Defendant should occur, the person(s) from whose possession, custody or control the inadvertent or unauthorized disclosure occurred shall immediately inform Defendant of all pertinent facts relating to the disclosure and the nature and extent of the NPPI involved, and shall otherwise comply with Paragraph 11 above.   Defendant shall determine, within Defendant's sole discretion, whether notification of law enforcement or regulatory authorities is appropriate.

14.     **Use of Protected Discovery Material in Depositions.**  A deponent may during the deposition be shown and examined about Protected Discovery Material if the provisions of this Protective Order are followed.  Deponents shall not retain or copy portions of the transcript of their depositions that contain Protected Discovery Material not provided by them or the entities they represent unless they sign the Endorsement of Protective Order at Exhibit A.

a.     A deponent who is not a Party or is an employee or representative of a non-party, the attorney of said non-party, or employee or representative of a non-party, shall be furnished with a copy of this Protective Order before being examined about, or asked to produce, potentially protected documents.

b.     When Protected Discovery Material is discussed, quoted, or referred to in any deposition, the disclosing Party shall ensure that only persons permitted by Paragraphs 6 through 8 of the Protective Order to have access to such Information are present.  Nothing in this Protective Order shall limit or restrict any Party's right to inquire about or show Protected Discovery Material to a deponent that is an officer, director, employee, or agent of the Party or non-party that produced the Protected Discovery Material.  In any deposition of a non-party, the witness only may be examined about or shown a document or thing containing designated

Protected Discovery Material if he or she has been furnished with a copy of this Protective Order before being examined, or if it appears from the face of the document that the witness authored or received a copy of it.

        c.     The Parties shall use their best efforts to make sure that every non-party witness to be shown Protected Discovery Material signs the Endorsement of Protective Order, attached hereto as Exhibit A.  In the event that a non-party deponent refuses to sign Exhibit A, a Party may not show a protected document to the deponent unless the deponent affirms on the record in the deposition that he or she understands that the document and the information contained therein are confidential and understands that he or she is prohibited from sharing or discussing that document or the information contained therein with anyone outside the deposition.

        15.     Any deposition transcript containing Protected Discovery Material shall be marked on the cover, as appropriate, and shall indicate within the transcript what information has been so designated.  A Party may designate any or all (if appropriate) of the transcript as containing Confidential Information and/or Attorneys' Eyes Only Information by so advising, with reasonable precision as to the affected testimony, the deposition reporter, who shall accordingly indicate in the deposition transcript what portion(s) of the testimony (or exhibits thereto) were so designated, or by so advising all other Parties in writing, and with page and line designation, within thirty (30) days after receipt of the final version of the transcript.   Until thirty (30) days have passed after the receipt of any transcript (and unless otherwise designated in accordance with this Paragraph), the entire transcript shall be deemed to be Confidential Information.   In the event of a disagreement about the confidential status of a deposition

transcript, it shall continue to be treated as Confidential Information or Attorneys' Eyes Only Information, whichever protection is being sought, until this Court rules otherwise.

16.     **Not Part of Public Record**:  No Protected Discovery Material shall be made part of a public record, except upon prior approval of the Court.  When it is not feasible to present arguments or give evidence before the Court without disclosing Protected Discovery Material, the Parties shall first bring the matter to the attention of the Court.

17.     **Filing Of Protected Discovery Material With The Court**:  Any pleading, paper or other documents filed in this Litigation which contains or discloses Protected Discovery Material shall be filed and maintained under seal.  All Parties shall comply with applicable Federal and Local Rules of Civil Procedure, including Local Rule of Civil Procedure 5.3, and the terms of this Protective Order when filing Protected Discovery Material under seal.

18.     **Disputes Regarding Designation of Protected Discovery Material**.  Any challenges to the designation of Protected Discovery Material shall be made in this Court (the "Forum Court").

19.     If at any time a Party (or aggrieved entity permitted by the Court to intervene for such purpose) wishes for any reason to dispute a designation of Discovery Materials as Confidential Information or Attorneys' Eyes Only Information made hereunder, such person shall notify the Designating Party of such dispute in writing, specifying the Discovery Materials in dispute by Bates number(s) and/or transcript pages and lines.  The Designating Party shall respond in writing within five (5) business days of receiving this notification or within such other time period as the Parties may agree in writing.  At any point, the Parties may amend this Paragraph to enlarge the five-business-day period for the Designating Party to respond to a proper notification.

20.     If the Parties are unable to amicably resolve the dispute, the Party seeking use of the information shall set the matter for hearing.  At the hearing, the Designating Party shall have the burden of proof to establish the propriety of its Confidential Information or Attorneys' Eyes Only Information designation.

21.     If information is designated without a good faith basis or is not substantially justified, the Party seeking disclosure and/or use of the information may apply to the Court for sanctions for violation of this Protective Order.  Likewise, if a challenge to a designation lacks a good faith basis or is not substantially justified, the Designating Party may apply to the Court for sanctions, too.

22.     **Declassification:**   Nothing shall prevent disclosure of Protected Discovery Material beyond that required under this Protective Order if the Designating Party consents in writing to such disclosure or if the Court, after notice to all affected Parties, orders such disclosure; provided, however, that should the Court or any appellate court enter an order staying disclosure, disclosure may not occur until such stay is lifted or vacated.

24.     **Legal Significance of Compliance.**   Entering into, agreeing to, and/or producing or receiving Confidential Information and Attorneys' Eyes Only Information or otherwise complying with the terms of this Protective Order shall not:

a.     Prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Protected Discovery Material;

b.     Prejudice in any way the rights of any Party to object to the authenticity of any document, testimony, or evidence subject to this Protective Order;

12

      c.      Prejudice in any way the rights of any Party to seek a determination by the Court whether any Discovery Material or Protected Discovery Material should be subject to the terms of the Protective Order;

      d.      Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any Protected Discovery Material;

      e.      Prejudice in any way the rights of any Party to petition the Court for permission to disclose or use Protected Discovery Material more broadly than would otherwise be permitted by the terms of this Protective Order; or

      f.      Prevent any Designating Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Protected Discovery Material designating by that Party.

      25.    **Subpoena by Other Courts or Agencies:**  If another court or an administrative agency subpoenas or otherwise orders production of Protected Discovery Material which any Party or other person has obtained under the terms of this Protective Order, the Party or other person to whom the subpoena or other process is directed shall immediately notify the Designating Party in writing of all of the following:  (a) the discovery materials that are requested for production in the subpoena; (b) the date on which compliance with the subpoena is requested; (c) the location at which compliance with the subpoena is requested; (d) the identity of the party serving the subpoena; and (e) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued.  No Protected Discovery Material, absent court order, shall be produced prior to the receipt of written notice by the Designating Party and after a reasonable opportunity to object

has been afforded.  Furthermore, the Party or person receiving the subpoena or other process shall cooperate with the Designating Party in any proceeding related thereto.  However, the Designating Party shall bear the burden and all costs of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

26.     If the Designating Party timely seeks a protective order or its equivalent in the other litigation or proceedings and promptly provides notice to the Party who was served, the Party served with the subpoena or court order shall not produce any Protected Discovery Material before a determination by the court from which the subpoena or court order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Information material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

27.     In the event that a Party is required, by a valid discovery request, to produce a non-party's Confidential Information in its possession, and the Party is subject to an agreement with the non-party not to produce the non-party's Confidential Information, then the producing Party shall:  (a) promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to the Protective Order with a non-party; (b) promptly provide the non-party with a copy of the Protective Order in this Litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) make the information requested available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this Court within 30 days of receiving the notice and accompanying information, the producing Party may produce the non-party's Confidential Information responsive to the discovery request.  If the non-party

timely seeks a protective order, the producing Party shall not produce any information in its possession or control that is subject to the Protective Order with the non-party before a determination by the Court.[1]  Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its Confidential Information.

      28.   **Non-Termination**.  All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the Parties and all persons who have received information under this Protective Order, after the conclusion of this Litigation, including all appeals.   Any and all original and copies of Protected Discovery Material shall, at the request of the producing Party, be returned to the Party within sixty (60) days after a final judgment or settlement of this Litigation or, at the opting of the producing Party or the Receiving Party, destroyed in that time frame, except that outside counsel for each Party may maintain in its files one copy of each pleading filed with the Court, written discovery responses served on the Parties, each deposition transcript together with the exhibits marked at the deposition, the hearing transcript together with exhibits, and documents constituting work product which were internally generated based upon or which include Confidential Information and Attorneys' Eyes Only Information.   If counsel elects to destroy Protected Discovery Material, they shall consult with counsel for the Designating Party on the manner of destruction and obtain such Party's consent as to the method and means of destruction.   In the event that outside counsel maintains such documents, it shall not disclose material including any type of Confidential Information or Attorneys' Eyes Only Information to another party absent subpoena or court order and only after complying with Paragraphs 25-27 and any other applicable

---

[1]  The purpose of this provision is to alert the requesting party to the existence of confidentiality rights of a non-party and to afford the non-party an opportunity to protect its confidentiality interests in this Court.

provisions in this Protective Order.  In the event that documents are returned to or destroyed at the request of the producing or Receiving Party, the other Party or its outside counsel shall certify in writing that all such documents have been returned or destroyed.

29.     **Non-Parties**:  Any non-parties who produce information in this Litigation may avail themselves of the provisions of this Protective Order, and Discovery Material produced by any non-party shall be treated by the Parties in conformance with this Protective Order.  A non-party shall designate any Protected Discovery Material in a manner consistent with the procedures described in this Protective Order.

30.     **Modification Permitted**:  Nothing in this Protective Order shall prevent any Party or other person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

31.     **Responsibility of Attorneys; Copies**:  The attorneys of record are responsible for employing reasonable measures to control and track, consistent with this Protective Order, access to, and distribution of Protected Discovery Material, including abstracts and summaries thereof.

32.     **No Waiver of Privilege**:  If information subject to a claim of attorney-client privilege or work product immunity or any other privilege or immunity is inadvertently, mistakenly, or otwerise produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information under the law.  If a Party has inadvertently, mistakenly, or otherwise  produced information subject to a claim of immunity or privilege, and if the producing Party makes a request for the return of such information, the information, including all copies, shall be either sequestered or returned immediately regardless of whether the Receiving Party disputes the claim of privilege, including any analyses, memoranda or notes which were internally generated

16

based upon such inadvertently-produced information shall immediately be destroyed by counsel for the producing Party regardless of whether the Receiving Party disputes the claim of privilege. The Receiving Party must also comply with all other requirements in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.  If the requesting Party disputes the producing Party's assertion of privilege, the requesting Party may submit the potentially privileged information to the Court under seal for a determination of the claim.

33.   **No Waiver of Rights or Implication of Discoverability:**  No disclosure pursuant to any provision of this Protective Order shall waive any rights or privileges of any Party or person granted by this Protective Order.

34.   **No Waiver of Right to Appropriately Withhold or Redact:**  The terms of this Protective Order shall in no way affect the right of any person either:  (a) to withhold or redact information on the alleged grounds of immunity from discovery such as, for example, attorney/client privilege, work product, or privacy rights of third parties; or (b) to withhold or redact information on alleged grounds that such information is neither relevant to any claim or defense nor proportional to the needs of the case.  If information is redacted in a document because of any of the alleged grounds of immunity from discovery, such as, for example, attorney/client privilege, work product, or privacy rights of third parties, the assertion of such immunity shall be included in the Party's privilege log.  If information is redacted in a document on the basis that it is neither relevant nor proportional to the needs of the case, a Party may request, and the producing Party shall provide, the reason for the redaction.

35.   **No Waiver of Right to Object to Scope of Discovery:**  This Protective Order shall not enlarge or affect the proper scope of discovery in this or any other litigation; nor shall this Protective Order imply that Confidential Information is properly discoverable, relevant, or

admissible in this or any other litigation.  Each Party reserves the right to object to any disclosure of information or production of any documents that the Designating Party designates as Confidential Information on any other ground it may deem appropriate.

36.      **<u>No Waiver of Rights to Seek Further Relief</u>:** The entry of this Protective Order shall be without prejudice to the rights of the Parties, or any one of them, or of any non-party to assert or apply for additional or different protection. Nothing in this Protective Order shall prevent any Party from seeking an appropriate protective order to further govern the use of Confidential Information at trial.

37.      **<u>Miscellaneous</u>:**  Nothing in this Protective Order shall prevent a Designating Party from any use of its own documents and information.

38.      **<u>Improper Disclosure of Protected Discovery Material</u>:** Disclosure of Protected Discovery Material other than in accordance with the terms of this Protective Order may subject the disclosing Party or person to such sanctions and remedies as the Court may deem appropriate.

AGREED TO BY:

For Plaintiff:                                    For Defendant:

Dated: June 8, 2017                              Dated:   June 8, 2017


By: *s/Manuel S. Hiraldo* _____     By: *s/Clay M. Carlton* _____

Manuel S. Hiraldo                                Robert M. Brochin (Fla. Bar No. 319661)
Florida Bar No. 030380                           Brian M. Ercole (Fla. Bar No. 0102189)
Hiraldo P.A.                                     Clay M. Carlton (Fla. Bar No. 85767)
401 E. Las Olas Boulevard, Suite 1400            Morgan, Lewis & Bockius LLP
Fort Lauderdale, FL 33301                        200 South Biscayne Boulevard, Suite 5300
Telephone: (954) 400−4713                        Miami, FL 33131-2339
Email: mhiraldo@hiraldolaw.com                   Telephone: (305) 415-3000
                                                 Facsimile: (305) 415-3001
-and-                                            Email: bobby.brochin@morganlewis.com
                                                 Email: brian.ercole@morganlewis.com
Andrew J. Shamis                                 Email: clay.carlton@morganlewis.com
Shamis & Gentile, P.A.
Fla. Bar No. 101754                              -and-
14 NE 1st Avenue, Suite 400
Miami, FL 33132                                  Ezra D. Church (admitted *pro hac vice*)
Telephone: (305) 479-2299                        Morgan, Lewis & Bockius LLP
Facsimile:  (786) 623-0915                       1701 Market Street
Email: efilings@sflinjuryattorneys.com           Philadelphia, PA 19103
                                                 Telephone: (215) 963-5000
*Counsel for Plaintiff*                          Facsimile: (215) 963-5001
                                                 Email: ezra.church@morganlewis.com

                                                 *Counsel for Defendant*




APPROVED AND SO ORDERED this _____ day of _____, 2017.

BY THE COURT:



_____

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 8, 2017, I electronically filed the foregoing Notice of Appearance with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to counsel for all parties of record.

*<u>s/Clay M. Carlton</u>*
Clay M. Carlton

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(MIAMI DIVISION)**

CASE NO. 0:17-cv-20459-JLK

DESIREE MARENGO,
individually and on behalf of all
others similarly situated,

       Plaintiff,

v.

MIAMI RESEARCH ASSOCIATES, LLC,
d/b/a QPS MIAMI RESEARCH ASSOCIATES,
a Florida corporation,

       Defendant.

_____/

## ENDORSEMENT OF PROTECTIVE ORDER

      I, _____, hereby attest to my understanding that information or documents designated as Protected Discovery Material is provided to me subject to the Protective Order, dated _____, 2017 (the "Protective Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Protective Order; and, that I agree to be bound by its terms.  I also understand that my execution of this Endorsement of Protective Order ("Endorsement"), indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any information or documents designated as Protected Discovery Material pursuant to the Protective Order.

      I further agree that I shall not disclose to others, except in accord with the Protective Order, any Protected Discovery Material, in any form whatsoever, and that such Protected

Discovery Material may be used only for the purposes authorized by the Protective Order and for no other purpose.

I further agree either to return all copies of any Protected Discovery Material that I have received to counsel who provided them to me, or to destroy such Protected Discovery Material, upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.  I further agree that notwithstanding any other provision in this Endorsement, I shall permanently delete, remove, and destroy any electronic documents that have been designated as Protected Discovery Material and that have been provided to me, unless the Designating Party provides written consent otherwise.

I further agree and attest to my understanding that my obligation to honor the confidentiality of Protected Discovery Material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure.  I agree to be subject to the jurisdiction of the United States District Court for the Southern District of Florida, for the purposes of any proceedings relating to enforcement of the Protective Order.  I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Agreement, regardless of whether the Protective Order has been entered by the Court.


By:   _____


Date:   _____