UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO.: 1:17-cv-20459-JLK**

DESIREE MARENGO
individually and on behalf of all
others similarly situated,                                             **CLASS ACTION**

      Plaintiff,                                                                **JURY TRIAL DEMANDED**

v.

MIAMI RESEARCH ASSOCIATES, LLC,
d/b/a QPS MIAMI RESEARCH ASSOCIATES,
a Florida corporation,

      Defendant.

_____/

**PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT**

Plaintiff, Desiree Marengo, pursuant to Rule 34, Federal Rules of Civil Procedure, requests

Defendant, Miami Research Associates, LLC d/b/a QPS Miami Research Associates, to produce the

following documents and things for inspection and copying, subject to any outstanding objections,

within 30 days from date of service hereof.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

A.     "You" or "MRA" shall mean Defendant, Miami Research Associates, LLC d/b/a QPS

Miami Research Associates.

B.     "Person" shall mean any natural person, entity, corporation, partnership, association,

joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

C.     The word "document" shall include any written or graphic matter or any other means

of preserving thought or expression, and all tangible things from which information can be processed

or transcribed in your actual or constructive possession, custody, care or control, which pertain directly

or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, computer disks, electronic mail (e-mail), schedules, affidavits, contracts, transcripts, surveys, graphic representation of any kind, photographs, graphs, microfilms, videotapes, tape recordings, electronically stored material, motion pictures or other films.  Further, the word "Documents" shall be deemed to include the original and any draft thereof, and any copy of an original or a draft which differs in any respect from such original or draft.

        D.      "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business address, business telephone number and a description of each such person's connection with the events in question.

        E.      "Identify" means, with respect to any "document," or any reference to stating the "identification" of any "document" provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation and on whose behalf it was prepared, the name and address of the recipient or recipients to each such document and the present location of any and all copies of each such document, and the names and addresses of any and all persons who have custody or control of each such document or copies thereof.

        F.      "Text Message(s)" shall mean an electronic message sent to a mobile telephone by you, or on your behalf, regarding a clinical trial or study being conducted by you.

        G.      "Subject Text Message" shall mean the text message identified in Plaintiff's Complaint

## TIME FRAME

Unless otherwise stated, the time period covered by these interrogatories is four (4) years prior to the filing of the Complaint in this case.

## REQUEST FOR PRODUCTION TO DEFENDANT

1.     Every insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against you in this action or to indemnify you reimburse for payments made to satisfy the judgment irrespective of whether you have, or intend to make such a claim.

2.     All documents describing the hardware, software, and/or methodology used to store Plaintiff's telephone number.

3.     All documents describing the hardware, software, and/or methodology used to transmit the Subject Text Message.

4.     All documents describing the hardware, software, and/or methodology used to transmit Text Messages.

5.     All documents regarding the content of the Subject Text Message.

6.     All documents regarding the content of Text Messages.

7.     All documents identifying the following information regarding recipients of Text Messages: (1) their name, address, email, and phone numbers; and (2) the source(s) where MRA obtained the telephone numbers called.

8.     All documents identifying the total number of Text Messages you have sent.

9.     All documents describing the method or process by which Text Messages were sent.

10.     All documents describing the method or process by which the Subject Text Message was sent.

11.     All documents regarding or referring to Plaintiff.

12.     All documents you reviewed and/or relied upon in formulating your responses to Plaintiff's Interrogatories.

13.     All documents describing your document or record retention and disposal policies.

14.     All communications between you and Plaintiff.

15.     All formal or informal complaints received by you regarding Text Messages.

16.     The list identifying the target name and/or phone number of every Text Message sent by you or on your behalf.

17.     All documents pertaining in any way to the text messaging campaign described in the Complaint.

18.     All policies and procedures pertaining in any way TCPA compliance by you and/or your employees.

19.     All communications regarding or incorporating any of the following words: "autodialer," "autodial," "Telephone Consumer Protection Act," or "TCPA."

20.     All documents regarding the creation, content and/or transmission of Text Messages.

21.      All documents regarding the creation, content and/or transmission of the Subject Text Message.

22.     All documents pertaining to the Subject Text Message.

23.     All communications pertaining to the Subject Text Message.

24.     All documents pertaining to transmission of the Subject Text Message to Plaintiff.

25.     All communications pertaining to transmission of the Subject Text Message to Plaintiff.

26.     All documents pertaining to the transmission of Text Messages.

27.     All documents pertaining to the computer and/or other device use to transmit the Subject Text Message.

28.     All documents pertaining to the computer and/or other device use to transmit Text Messages.

29.     All documents pertaining to the telephone numbers to which Text Messages were transmitted, including, but not limited to, transmission reports or logs.

30.     All documents pertaining to the criteria used to select and/or obtain the list of telephone numbers to which Text Messages were sent.

31.     All documents pertaining to the type of consent or permission, if any, you obtained from Plaintiff to send the Subject Text Message prior to sending the message.

32.     All documents pertaining to the type of consent or permission, if any, you obtained from recipients of the Text Messages prior to sending the Text Messages.

33.     All documents pertaining to the manner in which the list(s) of telephone numbers to which Text Messages were sent was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who complied them.

34.     All documents pertaining to the reason(s) why the Subject Text Message was sent to Plaintiff.

35.     All documents pertaining to the reason(s) why the Text Message were sent.

36.     All documents pertaining to any compensation received by you in exchange for sending the Subject Text Message.

37.     All documents pertaining to "Text Marketing" as that term is used on your website (http://www.miamiresearch.com/patient-recruitment-mra-EP.htm).

38.     All documents pertaining to the marketing or promotion of your company through Text Messages.

39.     All communications pertaining to the criteria used to select and/or obtain the list of telephone numbers to which Text Messages were transmitted.

40.     All documents pertaining to your policies, practices, and/or procedures for transmitting Text Messages.

41.     All documents pertaining to consent to transmit Text Messages.

42.     All documents or communications you have received claiming that you have violated the Telephone Consumer Protection Act.

43.     All contracts and documents pertaining to any agreement between you and any third party regarding the Subject Text Message.

44.     All contracts and documents pertaining to any agreement between you and any third party regarding Text Messages.

45.     All documents pertaining to the number of Text Messages that you or anyone on your behalf have sent.

46.     All documents pertaining to the reason(s) why the Subject Text Message was sent.

47.     All documents pertaining to any third party transmitting Text Messages on your behalf.

48.     All documents concerning internal investigation conducted by you concerning complaints regarding violations of the TCPA.

49.     All documents referred to in, identified in, or that provide part or all of the basis for Defendant's responses to Plaintiff's Interrogatories.

50.     Copies of all documents, materials, business plans, memoranda, and/or minutes that reference using telemarketing or automatic dialing systems to contact persons and/or entities to promote Defendant's products, goods, or services.

51.     All documents, records, data, recordings and other materials relating to Plaintiff or her telephone number.

52.     All documents pertaining to the process used by you to confirm that individuals identified in connection with a telephone number in your database are in fact the owners of those telephone numbers.

53.     All documents pertaining to or discussing your use of "Text Marketing."

54.     All documents pertaining to or discussing your use of telemarketing.

Date:  March 29, 2017

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*

and

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis
Florida Bar No. 101754
*efilings@shamisgentile.com*
14 NE 1st Avenue, Suite 400
Miami, Florida  33132
(t) (305) 479-2299
(f) (786) 623-0915
*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CETIFY that on March 29, 2017, I electronically served the foregoing document

on counsel for Defendant:

Robert M. Brochin, Esq.
Brian M. Ercole, Esq.
Clay M. Carlton, Esq.
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard, Ste. 5300
Miami, FL 33131-2339
Email: bobby.brochin@morganlewis.com
Email: brian.ercole@morganlewis.com
Email: clay.carlton@morganlewis.com
*Counsel for Defendant*

/s/ *Manuel S. Hiraldo*
Florida Bar No. 030380
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*