UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-cv-20459-JLK

DESIREE MARENGO
individually and on behalf of all
others similarly situated,

        **CLASS ACTION**

    Plaintiff,

        **JURY TRIAL DEMANDED**

v.

MIAMI RESEARCH ASSOCIATES, LLC,
d/b/a QPS MIAMI RESEARCH ASSOCIATES,
a Florida corporation,

    Defendant.
_____/

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

Plaintiff, Desiree Marengo, pursuant to Rule 33, Federal Rules of Civil Procedure, hereby propounds the following interrogatories to Defendant, Miami Research Associates, LLC d/b/a QPS Miami Research Associates, to be answered within thirty (30) days from the date of service hereof, fully and separately in writing and under oath by Defendant.

Date:  March 29, 2017

        **HIRALDO P.A.**

        */s/ Manuel S. Hiraldo*
        Manuel S. Hiraldo
        Florida Bar No. 030380
        401 E. Las Olas Boulevard
        Suite 1400
        Ft. Lauderdale, Florida 33301
        Email: mhiraldo@hiraldolaw.com
        Telephone: 954.400.4713
        *Counsel for Plaintiff*

        and

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis
Florida Bar No. 101754
*efilings@shamisgentile.com*
14 NE 1st Avenue, Suite 400
Miami, Florida  33132
(t) (305) 479-2299
(f) (786) 623-0915
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CETIFY that on March 29, 2017, I electronically served the foregoing document on counsel for Defendant:

Robert M. Brochin, Esq.
Brian M. Ercole, Esq.
Clay M. Carlton, Esq.
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard, Ste. 5300
Miami, FL 33131-2339
Email: bobby.brochin@morganlewis.com
Email: brian.ercole@morganlewis.com
Email: clay.carlton@morganlewis.com
*Counsel for Defendant*

*/s/ Manuel S. Hiraldo*
Florida Bar No. 030380
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*

## **DEFINITIONS**

As used herein, the terms listed below are defined as follows:

A. "You" or "MRA" shall mean Defendant, Miami Research Associates, LLC d/b/a QPS Miami Research Associates.

B. "Person" shall mean any natural person, entity, corporation, partnership, association, joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

C. The word "document" shall include any written or graphic matter or any other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, computer disks, electronic mail (e-mail), schedules, affidavits, contracts, transcripts, surveys, graphic representation of any kind, photographs, graphs, microfilms, videotapes, tape recordings, electronically stored material, motion pictures or other films. Further, the word "Documents" shall be deemed to include the original and any draft thereof, and any copy of an original or a draft which differs in any respect from such original or draft.

D. "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business address, business telephone number and a description of each such person's connection with the events in question.

E. "Identify" means, with respect to any "document," or any reference to stating the "identification" of any "document" provide the title and date of each such document, the name and

address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation and on whose behalf it was prepared, the name and address of the recipient or recipients to each such document and the present location of any and all copies of each such document, and the names and addresses of any and all persons who have custody or control of each such document or copies thereof.

  F. "Text Message(s)" shall mean an electronic message sent to a mobile telephone by you, or on your behalf, regarding a clinical trial or study being conducted by you.

  G. "Subject Text Message" shall mean the text message identified in Plaintiff's Complaint

## INSTRUCTIONS

  1. To the extent any interrogatory is objected to, set forth all reasons for the objection. If you object, and refuse to answer in part to any interrogatory, respond to the balance of the interrogatory.

  2. If you object to fully identifying a document or oral communication because of a privilege, you should nevertheless provide the following information:

    a. the nature of the privilege claimed (including work product);

    b. the privilege rule being invoked;

    c. the date of the document or oral communication;

    d. if a document: its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

    e. if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

    f. the general subject matter of the document or oral communication.

3. These interrogatories seek information that now is or ever was in your knowledge or that of your present or former employees, representatives, agents, and persons consulted concerning any factual matters or opinions, or is otherwise available to you as either a practical matter or as a matter of law.

4. For the purposes of reading, interpreting, or construing the scope of these interrogatories, the terms used shall be given their most expansive and inclusive interpretation.

## TIME FRAME

Unless otherwise stated, the time period covered by these interrogatories is four (4) years prior to the filing of the Complaint in this case.

## **INTERROGATORIES TO DEFENDANT**

1. Identify each person who prepared or assisted you in preparing your responses to these Interrogatories, and following the identity of each such person, state the number of each Interrogatory for which that person provided assistance.

**ANSWER:**

2. Identify the following information regarding recipients of Text Messages: their name, address, email, and phone numbers.

**ANSWER:**

3. Identify the following information regarding recipients of Text Messages: the source(s) where MRA obtained the telephone numbers called.

**ANSWER:**

4.      Identify every insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against you in this action or to indemnify or reimburse for payments made to satisfy the judgment irrespective of whether you have, or intend to, make such a claim.

**ANSWER:**

5.      Identify the total number of Text Messages you have sent.  For each Text Message, please identify the date, content, and telephone number of the recipient of the Text Message, and describe how the Text Messages were sent, including a description of the equipment used to obtain, store, and send messages to each telephone number.

**ANSWER:**

6.      Describe in detail the method or process by which Text Messages were sent.  Your response should include, but not be limited to, a description of each stage of the transmission process for the Text Messages.

**ANSWER:**

7. Describe in detail the method or process by which you or anyone on your behalf collected or obtained Plaintiff's telephone number.

**ANSWER:**

8. Describe in detail the method or process by which the Subject Text Message was sent. Your response should include, but not be limited to, a description of each stage of the transmission process for the Subject Text Message.

**ANSWER:**

9. Identify the name(s) of the individual(s) who prepared and/or approve the content of the Subject Text Message.

**ANSWER:**

10. Identify every communication between you and Plaintiff.

**ANSWER:**

11. Describe the equipment used to send the Subject Text Message.

**ANSWER:**

12. Describe the equipment used to send Text Messages.

**ANSWER:**

13. Describe any equipment used by you or anyone on your behalf to store Plaintiff's telephone number. Your answer should include a description of how that equipment interacts with any equipment used to send the text message.

**ANSWER:**

14. Have you ever received formal or informal complaints regarding Text Messages? If so, identify the complaint, including the date and name(s) of the individual(s) making the complaint.

**ANSWER:**

15. Describe what type of consent or permission, if any, you obtained from Plaintiff to send the Subject Text Message prior to sending the message.

**ANSWER:**

16. Describe what type of consent or permission, if any, you obtained from recipients of the Text Messages prior to sending the Text Messages.

**ANSWER**:

17. Describe the manner in which the list(s) of telephone numbers to which Text Messages were sent was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who complied them.

**ANSWER:**

18. Identify (a) each telephone number for the telephone line(s) from which you, or anyone on your behalf, sent the Subject Text Message, (b) the telephone service provider(s) for each such telephone number, and (c) the account number, name and address for the account holder of each such telephone number.

**ANSWER:**

19. Identify (a) each telephone number for the telephone line(s) from which you, or anyone on your behalf, sent Text Messages, (b) the telephone service provider(s) for each such telephone number, and (c) the account number, name and address for the account holder of each such telephone number.

**ANSWER:**

20. Describe the reason(s) why the Subject Text Message was sent to Plaintiff.

**ANSWER:**

21. Describe the reason(s) why Text Messages were sent.

**ANSWER:**

22. The identity of all persons or entities who participated in transmitting Text Messages.

**ANSWER:**

23. Did you receive any type of compensation in exchange for sending the Subject Text Message? If so, please identify the type of compensation you received, and the entity that provided the compensation.

**ANSWER**:

24. Do you consider the Subject Text Message to constitute "Text Marketing" as that term is used on your website (http://www.miamiresearch.com/patient-recruitment-mra-EP.htm). If not, please explain why you do not believe that the Subject Text message constitutes "Text Marketing."

**ANSWER**:

25. Describe the process, if any, used by you to confirm that the individual identified in connection with a telephone number in your database is in fact the owner of that telephone number.

**ANSWER:**

By:_____

Print Name:_____

**STATE OF** _____   )
                                                       ) SS:
**COUNTY OF** _____ )

**BEFORE ME,** the undersigned authority, duly licensed to administer oaths and take acknowledgments, personally appeared _____, who being by me first duly sown, deposes and says that he/she has read the foregoing answers to interrogatories, and that they are true and correct.

**SWORN TO AND SUBSCRIBED before** me this \_\_\_\_\_ day of _____, 2017.

_____
Notary Public, State of Florida
My Commission Expires: