**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(MIAMI DIVISION)**

CASE NO. 0:17-cv-20459-JLK

DESIREE MARENGO,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

MIAMI RESEARCH ASSOCIATES, LLC,
d/b/a QPS MIAMI RESEARCH ASSOCIATES,
a Florida corporation,

    Defendant.

_____/

### DEFENDANT MIAMI RESEARCH ASSOCIATES, LLC'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Miami Research

Associates, LLC ("MRA") hereby responds and objects to Plaintiff Desiree Marengo's

("Plaintiff") Request for Production to Defendant.

### RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Every insurance agreement under which an insurance business may be liable to satisfy all
or part of a possible judgment against you in this action or to indemnify you reimburse
for payments made to satisfy the judgment irrespective of whether you have, or intend to
make such a claim.

**RESPONSE TO REQUEST NO 1:**

MRA objects to this Request as overly broad and not relevant and proportional to the

needs of the case, because whether MRA has an "insurance agreement under which an insurance

business may be liable to satisfy all or part of a possible judgment against [MRA] in this action

or to indemnify [MRA] reimburse for payments made to satisfy the judgment" is not relevant to Plaintiff's Telephone Consumer Protection Act ("TCPA") claim.

Subject to this objection, MRA has not at this time identified an insurance agreement that will provide coverage relating to Plaintiff's TCPA claim.

**REQUEST FOR PRODUCTION NO. 2:**

All documents describing the hardware, software, and/or methodology used to store Plaintiff's telephone number.

**RESPONSE TO REQUEST NO 2:**

MRA objects to this Request because the use of the term "methodology" is vague and ambiguous.

Subject to this objection, MRA will produce documents relating to Advanced Telecom Services's ("ATS") 84444 database.

**REQUEST FOR PRODUCTION NO. 3:**

All documents describing the hardware, software, and/or methodology used to transmit the Subject Text Message.

**RESPONSE TO REQUEST NO 3:**

MRA objects to this Request because the use of the term "methodology" is vague and ambiguous.  MRA further objects to this Request as unduly burdensome because it requests the same documents as Request for Production No. 4.

Subject to these objections, MRA will produce documents relating to ATS's 84444 database.

MORGAN, LEWIS & BOCKIUS LLP
200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

**REQUEST FOR PRODUCTION NO. 4:**

All documents describing the hardware, software, and/or methodology used to transmit Text Messages.

**RESPONSE TO REQUEST NO 4:**

MRA objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "all documents describing the hardware, software, and/or methodology used to transmit" all text messages sent over the past four years by MRA, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the investigational bird flu vaccine study ("flu study") that are not at issue in this case. MRA also objects to this Request because the use of the term "methodology" is vague and ambiguous. MRA further objects to this Request as unduly burdensome because it requests the same documents as Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 5:**

All documents regarding the content of the Subject Text Message.

**RESPONSE TO REQUEST NO 5:**

MRA objects to this Request as unduly burdensome because it requests the same documents as Request for Production No. 6.

Subject to this objection, MRA will produce documents relating to the content of the flu study text messages.

**REQUEST FOR PRODUCTION NO. 6:**

All documents regarding the content of Text Messages.

**RESPONSE TO REQUEST NO 6:**

MRA objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "all documents regarding the content of" all text messages sent over the past four years by MRA, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case.  MRA also objects to this Request as unduly burdensome because it requests the same documents as Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 7:**

All documents identifying the following information regarding recipients of Text Messages: (1) their name, address, email, and phone numbers; and (2) the source(s) where MRA obtained the telephone numbers called.

**RESPONSE TO REQUEST NO 7:**

MRA objects to this Request because it seeks proprietary and confidential information in that it asks for a list of persons who have requested to be contacted by MRA with further information concerning medical or clinical research studies.  MRA also objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "all documents identifying [personal] information regarding receeipients of" all text messages sent over the past four years by MRA, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case, and because the identity and other personal information of each "recipient" of text messages is not relevant at this juncture, since no class has been certified.  MRA further objects to this Request as unduly burdensome because it requests the same documents as Request for Production No. 16.

MORGAN, LEWIS & BOCKIUS LLP
200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

Subject to these objections and subject to the Court entering an appropriate protective order, MRA will produce text message data from ATS, which operates the 84444 database and sent the flu study text messages, reflecting each cellular telephone number that received the flu study text messages that were sent to Plaintiff.

**REQUEST FOR PRODUCTION NO. 8:**

All documents identifying the total number of Text Messages you have sent.

**RESPONSE TO REQUEST NO 8:**

MRA objects to this Request because it seeks proprietary and confidential information to the extent that it asks for a list of telephone numbers for persons who have requested to be contacted by MRA with further information concerning medical or clinical research studies. MRA also objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests the total number of all text messages sent over the past four years by MRA, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case. MRA further objects to this Request as unduly burdensome because it requests the same documents as Request for Production No. 45.

Subject to these objections and subject to the Court entering an appropriate protective order, MRA will produce text message data from ATS, which operates the 84444 database and sent the flu study text messages, reflecting the total number of flu study text messages sent.

**REQUEST FOR PRODUCTION NO. 9:**

All documents describing the method or process by which Text Messages were sent.

MORGAN, LEWIS & BOCKIUS LLP
200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

**RESPONSE TO REQUEST NO 9:**

MRA objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "all documents describing the method or process by which" all text messages were sent over the past four years by MRA, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case. MRA also objects to this Request because the use of the phrase "method or process" is vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 10:**

All documents describing the method or process by which the Subject Text Message was sent.

**RESPONSE TO REQUEST NO 10:**

MRA objects to this Request because the use of the phrase "method or process" is vague and ambiguous.

Subject to this objection, MRA will produce documents relating to ATS's 84444 database.

**REQUEST FOR PRODUCTION NO. 11:**

All documents regarding or referring to Plaintiff.

**RESPONSE TO REQUEST NO 11:**

MRA objects to this Request as overly broad and not relevant and proportional to the needs of the case, because it seeks documents that do not relate to Plaintiff's alleged receiving of the flu study text messages, and because it seeks "all" documents that "regarding or referring to

MORGAN, LEWIS & BOCKIUS LLP
200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

Plaintiff." MRA also objects to this Request as unduly burdensome because it requests the same documents as Requests for Production Nos. 14 and 51.

Subject to these objections, MRA will produce any documents relating to Plaintiff, Plaintiff's telephone number, and the flu study text messages sent to Plaintiff's telephone number.

**REQUEST FOR PRODUCTION NO. 12:**

All documents you reviewed and/or relied upon in formulating your responses to Plaintiff's Interrogatories.

**RESPONSE TO REQUEST NO 12:**

MRA objects to this Request to the extent it seeks information protected by the attorney-client privilege and the attorney-work product doctrine. MRA also objects to this Request because it is overbroad. MRA further objects to this Request as unduly burdensome because it requests the same documents as Request for Production No. 49.

Subject to these objections, MRA will produce any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All documents describing your document or record retention and disposal policies.

**RESPONSE TO REQUEST NO 13:**

MRA will produce its document or record retention and disposal policy.

**REQUEST FOR PRODUCTION NO. 14:**

All communications between you and Plaintiff.

MORGAN, LEWIS & BOCKIUS LLP
200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

**RESPONSE TO REQUEST NO 14:**

MRA objects to this Request as overly broad and not relevant and proportional to the needs of the case, because it seeks documents that do not relate to Plaintiff's alleged receiving of the flu study text messages, and because it seeks "all" documents "regarding or referring to Plaintiff." MRA also objects to this Request as unduly burdensome because it requests the same documents as Requests for Production Nos. 11 and 51.

Subject to these objections, MRA will produce any documents relating to Plaintiff, Plaintiff's telephone number, and the flu study text messages sent to Plaintiff's telephone number.

**REQUEST FOR PRODUCTION NO. 15:**

All formal or informal complaints received by you regarding Text Messages.

**RESPONSE TO REQUEST NO 15:**

MRA objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "all formal or informal complaints received by" MRA concerning all text messages sent over the past four years, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case.

Subject to this objection, there are no responsive documents.

**REQUEST FOR PRODUCTION NO. 16:**

The list identifying the target name and/or phone number of every Text Message sent by you or on your behalf.

MORGAN, LEWIS & BOCKIUS LLP

200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 415-3000

**RESPONSE TO REQUEST NO 16:**

MRA objects to this Request because it seeks proprietary and confidential information in that it asks for a list of persons who have requested to be contacted by MRA with further information concerning medical or clinical research studies.  MRA also objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "[t]he list identifying the target name and/or phone number for every" text message sent over the past four years by MRA, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case, and because the identity and telephone number of each recipient of text messages is not relevant at this juncture, since no class has been certified.  MRA further objects to this Request as unduly burdensome because it requests the same documents as Request for Production No. 7.

Subject to these objections and subject to the Court entering an appropriate protective order, MRA will produce text message data from ATS, which operates the 84444 database and sent the flu study text messages, reflecting each cellular telephone number that received the flu study text messages that were sent to Plaintiff.


**REQUEST FOR PRODUCTION NO. 17:**

All documents pertaining in any way to the text messaging campaign described in the Complaint.

**RESPONSE TO REQUEST NO 17:**

MRA objects to this Request as overly broad and not relevant and proportional to the needs of the case, because it requests "all" documents "pertaining in any way" to "the text

MORGAN, LEWIS & BOCKIUS LLP
200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 • TELEPHONE +1.305.415.3000

messaging campaign described in the Complaint." MRA also objects to this Request because the use of the phrase "text messaging campaign" is vague and ambiguous.

Subject to this objection, MRA will produce any documents relating to the flu study text messages.

**REQUEST FOR PRODUCTION NO. 18:**

All policies and procedures pertaining in any way TCPA compliance by you and/or your employees.

**RESPONSE TO REQUEST NO 18:**

MRA objects to this Request as unduly burdensome, overly broad and not relevant and proportional to the needs of the case, because it seeks "all" documents concerning "all policies and procedures pertaining in any way [to] TCPA compliance," regardless of whether those documents and policies and procedures pertain to sending text messages.

Subject to this objection, MRA will produce documents relating to its procedures for receiving permission prior to sending text messages inviting recipients to participate in medical or clinical research studies.

**REQUEST FOR PRODUCTION NO. 19:**

All communications regarding or incorporating any of the following words: "autodialer," "autodial," "Telephone Consumer Protection Act," or "TCPA."

**RESPONSE TO REQUEST NO 19:**

MRA objects to this Request as seeking information that is unduly burdensome, overly broad and not relevant and proportional to the needs of the case, because it would require MRA to search, collect, and review limitless documents of the computers of all current and former

MRA employees, and because it seeks every document MRA has ever received or created with the words "autodialer," "autodial," "Telephone Consumer Protection Act," or "TCPA."

Subject to this objection, MRA will conduct a reasonable search for electronically-stored information and will produce any non-privileged documents that contain the words "autodialer," "autodial," "Telephone Consumer Protection Act," or "TCPA."

**REQUEST FOR PRODUCTION NO. 20:**

All documents regarding the creation, content and/or transmission of Text Messages.

**RESPONSE TO REQUEST NO 20:**

MRA objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "all documents regarding the creation, content and/or transmission of" all text messages sent by MRA over the past four years, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case.  MRA also objects to this Request as unduly burdensome because it requests the same documents as Requests for Production Nos. 5, 6, 17, 21-30.

**REQUEST FOR PRODUCTION NO. 21:**

All documents regarding the creation, content and/or transmission of the Subject Text Message.

**RESPONSE TO REQUEST NO 21:**

MRA objects to this Request as unduly burdensome because it requests the same documents as Requests for Production Nos. 5, 6, 17, 20, 22-30.

MORGAN, LEWIS & BOCKIUS LLP
200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 • TELEPHONE +1.305.415.3000

Subject to this objection, MRA will produce any documents relating to the creation, content or sending of the flu study text messages.


**REQUEST FOR PRODUCTION NO. 22:**

All documents pertaining to the Subject Text Message.

**RESPONSE TO REQUEST NO 22:**

MRA objects to this Request as unduly burdensome because it requests the same documents as Requests for Production Nos. 5, 6, 17, 20-21, 23-30.

Subject to this objection, MRA will produce any documents relating to the flu study text messages.


**REQUEST FOR PRODUCTION NO. 23:**

All communications pertaining to the Subject Text Message.

**RESPONSE TO REQUEST NO 23:**

MRA objects to this Request as unduly burdensome because it requests the same documents as Requests for Production Nos. 5, 6, 17, 20-22, 24-30.

Subject to this objection, MRA will produce any documents relating to the flu study text messages.


**REQUEST FOR PRODUCTION NO. 24:**

All documents pertaining to transmission of the Subject Text Message to Plaintiff.

**RESPONSE TO REQUEST NO 24:**

MRA objects to this Request as unduly burdensome because it requests the same documents as Requests for Production Nos. 5, 6, 17, 20-23, 25-30.

MORGAN, LEWIS & BOCKIUS LLP
200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 • TELEPHONE +1.305.415.3000

Subject to this objection, MRA will produce any documents relating to the sending of the flu study text messages.


**REQUEST FOR PRODUCTION NO. 25:**

All communications pertaining to transmission of the Subject Text Message to Plaintiff.

**RESPONSE TO REQUEST NO 25:**

MRA objects to this Request as unduly burdensome because it requests the same documents as Requests for Production Nos. 5, 6, 17, 20-24, 26-30.

Subject to this objection, MRA will produce any documents relating to the sending of the flu study text messages.


**REQUEST FOR PRODUCTION NO. 26:**

All documents pertaining to the transmission of Text Messages.

**RESPONSE TO REQUEST NO 26:**

MRA objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "all documents pertaining to the transmission of" all text messages sent by MRA over the past four years, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case.  MRA also objects to this Request as unduly burdensome because it requests the same documents as Requests for Production Nos. 5, 6, 17, 20-25, 27-30.

MORGAN, LEWIS & BOCKIUS LLP
200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 • TELEPHONE +1.305.415.3000

**REQUEST FOR PRODUCTION NO. 27:**

All documents pertaining to the computer and/or other device use to transmit the Subject Text Message.

**RESPONSE TO REQUEST NO 27:**

MRA objects to this Request as unduly burdensome because it requests the same documents as Requests for Production Nos. 3-5, 6, 17, 20-26, 28-30.

Subject to this objection, MRA will produce documents relating to ATS's 84444 database.

**REQUEST FOR PRODUCTION NO. 28:**

All documents pertaining to the computer and/or other device use to transmit Text Messages.

**RESPONSE TO REQUEST NO 28:**

MRA objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "all documents pertaining to the computer and/or other device use[d] to transmit" all text messages sent by MRA over the past four years, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case. MRA also objects to this Request as unduly burdensome because it requests the same documents as Requests for Production Nos. 3-5, 6, 17, 20-27, 29-30.

**REQUEST FOR PRODUCTION NO. 29:**

All documents pertaining to the telephone numbers to which Text Messages were transmitted, including, but not limited to, transmission reports or logs.

MORGAN, LEWIS & BOCKIUS LLP
200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

**RESPONSE TO REQUEST NO 29:**

MRA objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "all documents pertaining to the telephone numbers to which" all text messages were sent by MRA over the past four years, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case. MRA also objects to this Request as unduly burdensome because it requests the same documents as Requests for Production Nos. 3-5, 6, 17, 20-28, 30.

**REQUEST FOR PRODUCTION NO. 30:**

All documents pertaining to the criteria used to select and/or obtain the list of telephone numbers to which Text Messages were sent.

**RESPONSE TO REQUEST NO 30:**

MRA objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "all documents pertaining to the criteria used to select and/or obtain the list of telephone numbers to which" all text messages were sent by MRA over the past four years, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case. MRA also objects to this Request as unduly burdensome because it requests the same documents as Requests for Production Nos. 3-5, 6, 17, 20-29.

**REQUEST FOR PRODUCTION NO. 31:**

All documents pertaining to the type of consent or permission, if any, you obtained from Plaintiff to send the Subject Text Message prior to sending the message.

**RESPONSE TO REQUEST NO 31:**

MRA objects to this Request because the use of the term "consent" is vague and ambiguous and calls for a legal conclusion. MRA also objects to this request as premature, because discovery is ongoing. MRA further objects to this Request as unduly burdensome because it requests the same documents as Request for Production No. 32.

Subject to these objections, MRA will produce any documents reflecting permission to receive text messages by Plaintiff and others who received flu study text messages.

**REQUEST FOR PRODUCTION NO. 32:**

All documents pertaining to the type of consent or permission, if any, you obtained from recipients of the Text Messages prior to sending the Text Messages.

**RESPONSE TO REQUEST NO 32:**

MRA objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "all documents pertaining to the type of consent or permission, if any, you obtained . . . prior to sending" all text messages over the past four years, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case. MRA also objects to this Request because the use of the term "consent" is vague and ambiguous and calls for a legal conclusion. MRA further objects to this Request as unduly burdensome because it requests the same documents as Request for Production No. 31.

**REQUEST FOR PRODUCTION NO. 33:**

All documents pertaining to the manner in which the list(s) of telephone numbers to which Text Messages were sent was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who complied them.

MORGAN, LEWIS & BOCKIUS LLP
200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

**RESPONSE TO REQUEST NO 33:**

MRA objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "[a]ll documents pertaining to the manner in which the list(s) of telephone numbers" for all text messages sent by MRA over the past four years, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case, were "compiled or acquired."   MRA also objects to this Request as unduly burdensome because it requests the same documents as Request for Production No. 30.

**REQUEST FOR PRODUCTION NO. 34:**

All documents pertaining to the reason(s) why the Subject Text Message was sent to Plaintiff.

**RESPONSE TO REQUEST NO 34:**

MRA objects to this Request as unduly burdensome because it requests the same documents as Requests for Production No. 35 and 46.

Subject to this objection, MRA will produce any documents pertaining to why the flu study text messages were sent to Plaintiff and any other person that received the flu study text messages.

**REQUEST FOR PRODUCTION NO. 35:**

All documents pertaining to the reason(s) why the Text Message were sent.

**RESPONSE TO REQUEST NO 35:**

MRA objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "[a]ll documents pertaining to the

MORGAN, LEWIS & BOCKIUS LLP
200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

reason(s) why" all text messages were sent by MRA over the past four years, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case. MRA also objects to this Request as unduly burdensome because it requests the same documents as Requests for Production No. 34 and 46.


**REQUEST FOR PRODUCTION NO. 36:**

All documents pertaining to any compensation received by you in exchange for sending the Subject Text Message.

**RESPONSE TO REQUEST NO 36:**

MRA objects to this Request as overly broad and not relevant and proportional to the needs of the case, because whether MRA received compensation for the flu study text messages is not relevant to Plaintiff's TCPA claim.

Subject to this objection, there are no responsive documents.


**REQUEST FOR PRODUCTION NO. 37:**

All documents pertaining to "Text Marketing" as that term is used on your website (http://www.miamiresearch.com/patient-recruitment-mra-EP.htm).

**RESPONSE TO REQUEST NO 37:**

MRA objects to this Request as overly broad and not relevant and proportional to the needs of the case, because "documents pertaining to 'Text Marketing' as that term is used on" MRA's website is not relevant to Plaintiff's TCPA claim. MRA also objects to this Request as unduly burdensome because it requests the same documents as Request for Production No. 53.

Subject to these objections, MRA will conduct a reasonable search for electronically-stored information and will produce any documents that mention the term "Text Marketing."

**REQUEST FOR PRODUCTION NO. 38:**

All documents pertaining to the marketing or promotion of your company through Text Messages.

**RESPONSE TO REQUEST NO 38:**

MRA objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "[a]ll documents pertaining to the marketing or promotion of [MRA] through" all text messages sent by MRA over the past four years, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case.

Subject to this objection, there are no responsive documents.


**REQUEST FOR PRODUCTION NO. 39:**

All communications pertaining to the criteria used to select and/or obtain the list of telephone numbers to which Text Messages were transmitted.

**RESPONSE TO REQUEST NO 39:**

MRA objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "all documents pertaining to the criteria used to select and/or obtain the list of telephone numbers to which" all text messages were sent by MRA over the past four years, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case. MRA also objects to this Request as unduly burdensome because it is identical to and requests the same documents as Request for Production No. 30.

**REQUEST FOR PRODUCTION NO. 40:**

All documents pertaining to your policies, practices, and/or procedures for transmitting Text Messages.

**RESPONSE TO REQUEST NO 40:**

MRA objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "documents pertaining to [MRA's] policies, practices, and/or procedures for" sending all text messages over the past four years, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case.

Subject to this objection, MRA will produce documents relating to its procedures for receiving permission prior to sending text messages inviting recipients to participate in medical or clinical research studies.

**REQUEST FOR PRODUCTION NO. 41:**

All documents pertaining to consent to transmit Text Messages.

**RESPONSE TO REQUEST NO 41:**

MRA objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "[a]ll documents pertaining to consent to" send all text messages over the past four years, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case.  MRA also objects to this Request because the use of the term "consent" is vague and ambiguous and calls for a legal conclusion.  MRA further objects to this Request as unduly burdensome because it requests the same documents as Requests for Production Nos. 31 and 32.

MORGAN, LEWIS & BOCKIUS LLP
200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

**REQUEST FOR PRODUCTION NO. 42:**

All documents or communications you have received claiming that you have violated the Telephone Consumer Protection Act.

**RESPONSE TO REQUEST NO 42:**

There are no "documents or communications you have received claiming that you have violated the Telephone Consumer Protection Act."

**REQUEST FOR PRODUCTION NO. 43:**

All contracts and documents pertaining to any agreement between you and any third party regarding the Subject Text Message.

**RESPONSE TO REQUEST NO 43:**

MRA will produce the service agreement between MRA and ATS relating to the sending of flu study text messages.

**REQUEST FOR PRODUCTION NO. 44:**

All contracts and documents pertaining to any agreement between you and any third party regarding Text Messages.

**RESPONSE TO REQUEST NO 44:**

MRA objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "[a]ll contracts and documents pertaining to any agreement between [MRA] and any third party regarding" all text messages sent by MRA over the past four years, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case.  MRA also objects to this Request as unduly burdensome because it requests the same documents as Request for Production No. 43.

**REQUEST FOR PRODUCTION NO. 45:**

All documents pertaining to the number of Text Messages that you or anyone on your behalf have sent.

**RESPONSE TO REQUEST NO 45:**

MRA objects to this Request because it seeks proprietary and confidential information to the extent that it asks for a list of telephone numbers for persons who have requested to be contacted by MRA with further information concerning medical or clinical research studies. MRA also objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests the number of all text messages sent over the past four years on MRA's behalf, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case. MRA further objects to this Request as unduly burdensome because it requests the same documents as Request for Production No. 8.

Subject to these objections and subject to the Court entering an appropriate protective order, MRA will produce text message data from ATS, which operates the 84444 database and sent the flu study text messages, reflecting the number of flu study text messages sent.

**REQUEST FOR PRODUCTION NO. 46:**

All documents pertaining to the reason(s) why the Subject Text Message was sent.

**RESPONSE TO REQUEST NO 46:**

MRA objects to this Request as unduly burdensome because it requests the same documents as Requests for Production No. 34 and 35.

MORGAN, LEWIS & BOCKIUS LLP
200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

Subject to this objection, MRA will produce any documents pertaining to why the flu study text messages were sent to Plaintiff and any other person that received the flu study text messages.

**REQUEST FOR PRODUCTION NO. 47:**

All documents pertaining to any third party transmitting Text Messages on your behalf.

**RESPONSE TO REQUEST NO 47:**

MRA objects to this Request as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests "[a]ll documents pertaining to any third party" that sent any text message on MRA's "behalf" over the past four years, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case, and because it requests "all documents pertaining to any third party" sending text messages on MRA's behalf, even where those documents do not relate to the third party sending the text messages themselves.

Subject to this objection, MRA will produce any documents relating to ATS, which operates the 84444 database, and the 84444 database, which was used to send the flu study text messages.

**REQUEST FOR PRODUCTION NO. 48:**

All documents concerning internal investigation conducted by you concerning complaints regarding violations of the TCPA.

**RESPONSE TO REQUEST NO 48:**

There are no "documents concerning internal investigation conducted by you concerning complaints regarding violations of the TCPA."

**REQUEST FOR PRODUCTION NO. 49:**

All documents referred to in, identified in, or that provide part or all of the basis for Defendant's responses to Plaintiff's Interrogatories.

**RESPONSE TO REQUEST NO 49:**

MRA objects to this Request to the extent it seeks information protected by the attorney-client privilege and the attorney-work product doctrine. MRA also objects to this Request because it is overbroad. MRA further objects to this Request as unduly burdensome because it requests the same documents as Request for Production No. 12.

Subject to these objections, MRA will produce any non-privileged documents responsive to this Request.


**REQUEST FOR PRODUCTION NO. 50:**

Copies of all documents, materials, business plans, memoranda, and/or minutes that reference using telemarketing or automatic dialing systems to contact persons and/or entities to promote Defendant's products, goods, or services.

**RESPONSE TO REQUEST NO 50:**

MRA objects to this Request as overly broad and not relevant and proportional to the needs of the case, because documents that "reference using telemarketing or automatic dialing systems to contact persons and/or entities to promote Defendant's products, goods, or services" are not relevant to Plaintiff's TCPA claim. MRA also objects to this Request because the terms "telemarketing" and "automatic dialing systems" are vague and ambiguous. MRA further objects to this Request as unduly burdensome because it requests the same documents as Request for Production No. 54.

MORGAN, LEWIS & BOCKIUS LLP
200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

Subject to these objections, MRA will conduct a reasonable search for electronically-stored information and will produce any documents that mention the terms "telemarketing" or "automatic dialing systems."

**REQUEST FOR PRODUCTION NO. 51:**

All documents, records, data, recordings and other materials relating to Plaintiff or her telephone number.

**RESPONSE TO REQUEST NO 51:**

MRA objects to this Request as overly broad and not relevant and proportional to the needs of the case, because it seeks documents that do not relate to Plaintiff's alleged receiving of the flu study text messages, and because it seeks "[a]ll documents, records, data, recordings and other materials relating to Plaintiff or her telephone number."  MRA also objects to this Request as unduly burdensome because it requests the same documents as Requests for Production Nos. 11 and 14.

Subject to these objections, MRA will produce any documents relating to Plaintiff, Plaintiff's telephone number and the flu study text messages sent to Plaintiff's telephone number.

**REQUEST FOR PRODUCTION NO. 52:**

All documents pertaining to the process used by you to confirm that individuals identified in connection with a telephone number in your database are in fact the owners of those telephone numbers.

**RESPONSE TO REQUEST NO 52:**

MRA objects to this Request as overly broad and not relevant and proportional to the needs of the case, because "[a]ll documents pertaining to the process used by [MRA] to confirm

that the individual identified in connection with a telephone number in [MRA's] database is in fact the owner of that telephone number" is not relevant to Plaintiff's TCPA claim.

Subject to this objection, MRA will conduct a reasonable search for electronically-stored information and will produce any documents, as described in response to Requests for Production Nos. 19, 37, 50, 53 and 54.


**REQUEST FOR PRODUCTION NO. 53:**

All documents pertaining to or discussing your use of "Text Marketing."

**RESPONSE TO REQUEST NO 53:**

MRA objects to this Request as overly broad and not relevant and proportional to the needs of the case, because "documents pertaining to or discussing [MRA's] use of 'Text Marketing'" is not relevant to Plaintiff's TCPA claim.  MRA also objects to this Request as unduly burdensome because it requests the same documents as Request for Production No. 37.

Subject to these objections, MRA will conduct a reasonable search for electronically-stored information and will produce any documents that mention the term "Text Marketing."


**REQUEST FOR PRODUCTION NO. 54:**

All documents pertaining to or discussing your use of telemarketing.

**RESPONSE TO REQUEST NO 54:**

MRA objects to this Request as overly broad and not relevant and proportional to the needs of the case, because "all documents pertaining to or discussing" MRA's "use of telemarketing" are not relevant to Plaintiff's TCPA claim.  MRA also objects to this Request because the term "telemarketing" is vague and ambiguous.  MRA further objects to this Request as unduly burdensome because it requests the same documents as Request for Production No. 50.

MORGAN, LEWIS & BOCKIUS LLP
200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

Subject to these objections, MRA will conduct a reasonable search for electronically-stored information and will produce any documents that mention the term "telemarketing."

Dated:  June 7, 2017

Respectfully submitted,

Robert M. Brochin (Fla. Bar No. 319661)
Brian M. Ercole (Fla. Bar No. 0102189)
Clay M. Carlton (Fla. Bar No. 85767)
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard, Ste. 5300
Miami, FL 33131-2339
Telephone: (305) 415-3000
Facsimile: (305) 415-3001
Email: bobby.brochin@morganlewis.com
Email: brian.ercole@morganlewis.com
Email: clay.carlton@morganlewis.com

-and-

Ezra D. Church (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
Email: ezra.church@morganlewis.com

*Attorneys for Defendant Miami Research
Associates, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2017, I caused a true and correct copy of Defendant Miami Research Associates, LLC's Responses To Plaintiff's Request For Production To Defendant to be served on all counsel of record through electronic mail.

_____
Clay M. Carlton

MORGAN, LEWIS & BOCKIUS LLP
200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 · TELEPHONE +1.305.415.3000