UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

CASE NO. 0:17-cv-20459-JLK

DESIREE MARENGO,
individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

MIAMI RESEARCH ASSOCIATES, LLC,
d/b/a QPS MIAMI RESEARCH ASSOCIATES,
a Florida corporation,

        Defendant.

_____/

## DEFENDANT MIAMI RESEARCH ASSOCIATES, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33, Defendant Miami Research Associates, LLC ("MRA") hereby serves its responses and objections to Plaintiff Desiree Marengo's ("Plaintiff") First Set of Interrogatories to Defendant.

### RESPONSES AND OBJECTIONS TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

    Identify each person who prepared or assisted you in preparing your responses to these Interrogatories, and following the identity of each such person, state the number of each Interrogatory for which that person provided assistance.

**RESPONSE TO INTERROGATORY NO 1:**

MRA objects to this Interrogatory because it seeks information protected by the attorney-client privilege and the attorney work-product doctrine, including communications from MRA employees to outside counsel regarding legal advice. MRA also objects to this Interrogatory as

1

overly broad and vague and ambiguous, because it does not identify with particularity what information Plaintiff seeks.

Subject to these objections, MRA obtained information from the following individuals in responding to these Interrogatories: (a) Jack Mesa, Director of Advertising & Media Relations; and (b) Jessica Perez, Supervisor Recruitment Coordinator.

**INTERROGATORY NO. 2:**

Identify the following information regarding recipients of Text Messages: their name, address, email, and phone numbers.

**RESPONSE TO INTERROGATORY NO 2:**

MRA objects to this Interrogatory because it seeks proprietary and confidential information in that it asks for a list of persons who have requested to be contacted by MRA with further information concerning medical or clinical research studies. MRA also objects to this Interrogatory as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests all text messages sent over the past four years by MRA, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the investigational bird flu vaccine study ("flu study") that are not at issue in this case, and because the identity and other personal information of each recipient of text messages is not relevant at this juncture, since no class has been certified.

Subject to these objections and pursuant to Rule 33(d), an answer to this Interrogatory may be determined by examining text message data from Advanced Telecom Services ("ATS"), which operates the 84444 database and sent the flu study text messages to Plaintiff. Subject to the Court entering an appropriate protective order, MRA will produce that text message data

from ATS reflecting each cellular telephone number that received the flu study text messages that were sent to Plaintiff.

**INTERROGATORY NO. 3:**

      Identify the following information regarding recipients of Text Messages: the source(s) where MRA obtained the telephone numbers called.

      **RESPONSE TO INTERROGATORY NO 3:**

MRA objects to this Interrogatory because it seeks proprietary and confidential information in that it asks for a list of persons who have requested to be contacted by MRA with further information concerning medical or clinical research studies. MRA also objects to this Interrogatory as overly broad, unduly burdensome, and not relevant and proportional to the needs of the case, because it requests the "source(s)" for the telephone numbers for all text messages sent over the past four years by MRA, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case, and because the "source(s) where MRA obtained the telephone numbers" for each text message sent is not relevant at this juncture, since no class has been certified.

Subject to these objections, each cellular telephone number in the 84444 database was obtained by MRA in one of at least three ways. First, in response to print, television or radio advertising, a person may text a keyword or a phrase to a shortcode, indicating that the person would like to be contacted with further information concerning medical or clinical research studies. Second, a person may call MRA inquiring about medical or clinical research studies. MRA will perform a phone screen of the person, where the person is asked for their cellular telephone number and whether MRA may keep the cellular telephone number for future studies.

Third, when a person comes to the MRA office for a medical or clinical research study, the person completes a form or forms in which they are asked for their cellular telephone number and whether they want their contact information kept, so that MRA can contact them for future studies.

**INTERROGATORY NO. 4:**

Identify every insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against you in this action or to indemnify or reimburse for payments made to satisfy the judgment irrespective of whether you have, or intend to, make such a claim.

**RESPONSE TO INTERROGATORY NO 4:**

MRA objects to this Interrogatory as overly broad and not relevant and proportional to the needs of the case, because whether MRA has insurance coverage relating to Plaintiff's Telephone Consumer Protection Act ("TCPA") claim is not relevant.

Subject to this objection, MRA has not at this time identified an insurance agreement that will provide coverage relating to Plaintiff's TCPA claim.

**INTERROGATORY NO. 5:**

Identify the total number of Text Messages you have sent. For each Text Message, please identify the date, content, and telephone number of the recipient of the Text Message, and describe how the Text Messages were sent, including a description of the equipment used to obtain, store, and send messages to each telephone number.

**RESPONSE TO INTERROGATORY NO 5:**

MRA objects to this Interrogatory because it seeks proprietary and confidential information in that it asks for a list of telephone numbers for persons who have requested to be contacted by MRA with further information concerning medical or clinical research studies. MRA also objects to this Interrogatory as overly broad, unduly burdensome, and not relevant and

proportional to the needs of the case, because it requests all text messages sent over the past four years by MRA, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case, and because the telephone number for each recipient of text messages is not relevant at this juncture, since no class has been certified.

Subject to these objections and pursuant to Rule 33(d), an answer to this Interrogatory may be determined by examining text message data from ATS, which operates the 84444 database and sent the flu study text messages to Plaintiff. Subject to the Court entering an appropriate protective order, MRA will produce that text message data from ATS reflecting each cellular telephone number that received the flu study text messages that were sent to Plaintiff. All flu study text messages were sent using the 84444 database.

**INTERROGATORY NO. 6:**

Describe in detail the method or process by which Text Messages were sent. Your response should include, but not be limited to, a description of each stage of the transmission process for the Text Messages.

**RESPONSE TO INTERROGATORY NO 6:**

MRA objects to this Interrogatory as overly broad and not relevant and proportional to the needs of the case, because it requests "the method or process by which" all text messages were sent by MRA over the past four years, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case. MRA also objects to this Interrogatory as unduly burdensome because it requests the same information as Interrogatory No. 8.

Subject to these objections, all flu study text messages were sent by ATS using the 84444 database. To request that ATS send the flu study text messages, Jessica Perez engaged in a

multi-step process involving significant interaction and intervention on the part of Ms. Perez, including logging on to the 84444 database, entering the content for the text messages, selecting the recipients for the text messages, and clicking an additional send button on the 84444 database. ATS then would send the flu study text messages to the selected recipients.

**INTERROGATORY NO. 7:**

Describe in detail the method or process by which you or anyone on your behalf collected or obtained Plaintiff's telephone number.

**RESPONSE TO INTERROGATORY NO 7:**

MRA was provided with Plaintiff's telephone number by a person who called MRA inquiring about a medical or clinical research study relating to lethargy. The person provided Plaintiff's telephone number as their contact number and requested that MRA contact that telephone number concerning future medical or clinical research studies.

**INTERROGATORY NO. 8:**

Describe in detail the method or process by which the Subject Text Message was sent. Your response should include, but not be limited to, a description of each stage of the transmission process for the Subject Text Message.

**RESPONSE TO INTERROGATORY NO 8:**

MRA objects to this Interrogatory as unduly burdensome because it requests the same information as Interrogatory No. 6.

Subject to this objection, all flu study text messages were sent by ATS using the 84444 database. To request that ATS send the flu study text messages, Jessica Perez engaged in a multi-step process involving significant interaction and intervention on the part of Ms. Perez, including logging on to the 84444 database, entering the content for the text messages, selecting

the recipients for the text messages, and clicking an additional send button on the 84444 database. ATS then would send the flu study text messages to the selected recipients.

**INTERROGATORY NO. 9:**

Identify the name(s) of the individual(s) who prepared and/or approve the content of the Subject Text Message.

**RESPONSE TO INTERROGATORY NO 9:**

MRA objects to this Interrogatory as overly broad and not relevant and proportional to the needs of the case, because the names of the individuals who prepared or approved the content of the flu study text messages are not relevant to Plaintiff's TCPA claim.

Subject to this objection, Jack Mesa prepared the content for the flu study text messages. The content for the flu study text messages were then sent to the Institutional Review Board for the flu study, who approved the content of the flu study text messages.

**INTERROGATORY NO. 10:**

Identify every communication between you and Plaintiff.

**RESPONSE TO INTERROGATORY NO 10:**

MRA objects to this Interrogatory as overly broad and not relevant and proportional to the needs of the case, because it seeks all communications between MRA and Plaintiff, including communications that do not relate to Plaintiff's alleged receiving of the flu study text messages, and because it seeks "every" communication between MRA and Plaintiff.

Subject to this objection and pursuant to Rule 33(d), MRA will produce any documents relating to Plaintiff, Plaintiff's telephone number, and the flu study text messages sent to Plaintiff's telephone number.

MORGAN, LEWIS & BOCKIUS LLP
200 S. BISCAYNE BOULEVARD, SUITE 5300, MIAMI, FLORIDA 33131-2339 · TELEPHONE +1.305.415.3000

**INTERROGATORY NO. 11:**

Describe the equipment used to send the Subject Text Message.

**RESPONSE TO INTERROGATORY NO 11:**

MRA objects to this Interrogatory as unduly burdensome because it requests the same information as Interrogatory No. 12.

Subject to this objection, all flu study text messages were programmed by MRA personnel and sent by ATS using the 84444 database.

**INTERROGATORY NO. 12:**

Describe the equipment used to send Text Messages.

**RESPONSE TO INTERROGATORY NO 12:**

MRA objects to this Interrogatory as overly broad and not relevant and proportional to the needs of the case, because it asks MRA to describe "the equipment used to send" all text messages by MRA over the past four years, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case. MRA also objects to this Interrogatory as unduly burdensome because it requests the same information as Interrogatory No. 11.

Subject to these objections, all flu study text messages were programmed by MRA personnel and sent by ATS using the 84444 database.

**INTERROGATORY NO. 13:**

Describe any equipment used by you or anyone on your behalf to store Plaintiff's telephone number. Your answer should include a description of how that equipment interacts with any equipment used to send the text message.

**RESPONSE TO INTERROGATORY NO 13:**

Plaintiff's telephone number was included on ATS's 84444 database. To request that ATS send the flu study text messages, Jessica Perez engaged in a multi-step process involving significant interaction and intervention on the part of Ms. Perez, including logging on to the 84444 database, entering the content for the text messages, selecting the recipients for the text messages, and clicking an additional send button on the 84444 database. ATS then sent the flu study text messages to Plaintiff.

**INTERROGATORY NO. 14:**

> Have you ever received formal or informal complaints regarding Text Messages? If so, identify the complaint, including the date and name(s) of the individual(s) making the complaint.

**RESPONSE TO INTERROGATORY NO 14:**

MRA objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, because it asks MRA to identify whether MRA has ever received any "formal or informal complaints" concerning all text messages sent by MRA over the past four years, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case.

Subject to this objection, MRA has never received a formal or informal complaint relating to text messages inviting recipients to participate in medical or clinical research studies.

**INTERROGATORY NO. 15:**

> Describe what type of consent or permission, if any, you obtained from Plaintiff to send the Subject Text Message prior to sending the message.

**RESPONSE TO INTERROGATORY NO 15:**

MRA objects to this Interrogatory because the use of the term "consent" is vague and ambiguous and calls for a legal conclusion. MRA also objects to this Interrogatory as unduly burdensome because it requests the same information as Interrogatory Nos. 7 and 16.

Subject to these objections, MRA was provided with Plaintiff's telephone number by a person who called MRA inquiring about a medical or clinical research study relating to lethargy. The person provided Plaintiff's telephone number as their contact number and requested that MRA contact that telephone number concerning future medical or clinical research studies.

**INTERROGATORY NO. 16:**

Describe what type of consent or permission, if any, you obtained from recipients of the Text Messages prior to sending the Text Messages.

**RESPONSE TO INTERROGATORY NO 16:**

MRA objects to this Interrogatory as overly broad and not relevant and proportional to the needs of the case, because it requests the "type of consent or permission . . . obtained from recipients" of all text messages sent over the past four years by MRA, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case, and because the "type of consent or permission . . . obtained from recipients" for each text message sent is not relevant at this juncture, since no class has been certified. MRA also objects to this Interrogatory because the use of the term "consent" is vague and ambiguous and calls for a legal conclusion. MRA further objects to this Interrogatory as unduly burdensome because it requests the same information as Interrogatory Nos. 3 and 15.

Subject to these objections, each cellular telephone number in the 84444 database was obtained by MRA in one of at least three ways. First, in response to print, television or radio advertising, a person may text a keyword or a phrase to a shortcode, indicating that the person would like to be contacted with further information concerning medical or clinical research studies. Second, a person may call MRA inquiring about medical or clinical research studies. MRA will perform a phone screen of the person, where the person is asked for their cellular telephone number and whether MRA may keep the cellular telephone number for future studies. Third, when a person comes to the MRA office for a medical or clinical research study, the person completes a form or forms in which they are asked for their cellular telephone number and whether they want their contact information kept, so that MRA can contact them for future studies.

**INTERROGATORY NO. 17:**

>Describe the manner in which the list(s) of telephone numbers to which Text Messages were sent was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who complied them.

**RESPONSE TO INTERROGATORY NO 17:**

MRA objects to this Interrogatory as overly broad and not relevant and proportional to the needs of the case, because it requests the "the manner in which the list(s) of telephone numbers to which" all text messages sent over the past four years by MRA, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case, were "compiled or acquired." MRA also objects to this Interrogatory as unduly burdensome because it requests the same information as Interrogatory Nos. 3, 15 and 16.

Morgan, Lewis & Bockius LLP
200 S. Biscayne Boulevard, Suite 5300, Miami, Florida 33131-2339 · Telephone +1.305.415.3000

Subject to these objections, each cellular telephone number in the 84444 database was obtained by MRA in one of at least three ways. First, in response to print, television or radio advertising, a person may text a keyword or a phrase to a shortcode, indicating that the person would like to be contacted with further information concerning medical or clinical research studies. Second, a person may call MRA inquiring about medical or clinical research studies. MRA will perform a phone screen of the person, where the person is asked for their cellular telephone number and whether MRA may keep the cellular telephone number for future studies. Third, when a person comes to the MRA office for a medical or clinical research study, the person completes a form or forms in which they are asked for their cellular telephone number and whether they want their contact information kept, so that MRA can contact them for future studies.

After receiving telephone numbers from persons who ask for their contact information to be kept for a later medical or clinical research study, MRA compiles those telephone numbers into a list that is labelled for the medical or clinical research study that the person initially contacted MRA about. When a subsequent medical or clinical research study is in need of participants, MRA identifies the lists from the past medical or clinical research studies with similar demographic information and sends the invitational text messages to those select lists. The recipients of these invitational text messages can opt out at any time by return text or contacting MRA directly by telephone or email.

**INTERROGATORY NO. 18:**

Identify (a) each telephone number for the telephone line(s) from which you, or anyone on your behalf, sent the Subject Text Message, (b) the telephone service provider(s) for each such telephone number, and (c) the account number, name and address for the account holder of each such telephone number.

**RESPONSE TO INTERROGATORY NO 18:**

All flu study text messages were sent from Short Code 84444 using the 84444 database.

**INTERROGATORY NO. 19:**

Identify (a) each telephone number for the telephone line(s) from which you, or anyone on your behalf, sent Text Messages, (b) the telephone service provider(s) for each such telephone number, and (c) the account number, name and address for the account holder of each such telephone number.

**RESPONSE TO INTERROGATORY NO 19:**

MRA objects to this Interrogatory as overly broad and not relevant and proportional to the needs of the case, because it requests the telephone numbers and telephone service providers for all text messages sent over the past four years by MRA, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case. MRA also objects to this Interrogatory as unduly burdensome because it requests the same information as Interrogatory No. 18.

Subject to these objections, all flu study text messages were sent from Short Code 84444 using the 84444 database.

**INTERROGATORY NO. 20:**

Describe the reason(s) why the Subject Text Message was sent to Plaintiff.

**RESPONSE TO INTERROGATORY NO 20:**

MRA was provided with Plaintiff's telephone number by a person who called MRA inquiring about a medical or clinical research study relating to lethargy. The person provided Plaintiff's telephone number as their contact number and requested that MRA contact that telephone number concerning future medical or clinical research studies. Because MRA was

seeking participants for the flu study, the flu study and the lethargy study had similar demographic information and MRA was asked to contact Plaintiff's telephone number relating to future medical or clinical research studies, the flu study text messages were sent to Plaintiff's telephone number to invite Plaintiff to participate in the flu study. Neither Plaintiff nor anyone else using her telephone number ever opted out from receipt of text messages.

**INTERROGATORY NO. 21:**

Describe the reason(s) why Text Messages were sent.

**RESPONSE TO INTERROGATORY NO 21:**

MRA objects to this Interrogatory as overly broad and not relevant and proportional to the needs of the case, because it requests the "reason(s) why" all text messages sent over the past four years by MRA, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case. MRA also objects to this Interrogatory as unduly burdensome because it requests the same information as Interrogatory No. 20.

Subject to these objections, the flu study text messages were sent to persons who asked MRA to contact them concerning future medical or clinical research studies in order to invite them to participate in the flu study.

**INTERROGATORY NO. 22:**

The identity of all persons or entities who participated in transmitting Text Messages.

**RESPONSE TO INTERROGATORY NO 22:**

MRA objects to this Interrogatory as overly broad and not relevant and proportional to the needs of the case, because it requests the "identity of all persons or entities who participated

in transmitting" all text messages sent over the past four years by MRA, including text messages not sent to Plaintiff's cellular telephone number that relate to medical or clinical research studies other than the flu study that are not at issue in this case.  MRA also objects to this Interrogatory because the term "participated in transmitting" is vague and ambiguous.  MRA further objects to this Interrogatory as unduly burdensome because it requests the same information as Interrogatory Nos. 6, 8 and 9.

Subject to these objections, Jack Mesa prepared the content for the flu study text messages.  The Institutional Review Board for the flu study approved the content of the flu study text messages.  Jessica Perez programmed the 84444 database so that ATS sent the flu study text messages.

**INTERROGATORY NO. 23:**

> Did you receive any type of compensation in exchange for sending the Subject Text Message? If so, please identify the type of compensation you received, and the entity that provided the compensation.

**RESPONSE TO INTERROGATORY NO 23:**

MRA objects to this Interrogatory as overly broad and not relevant and proportional to the needs of the case, because whether MRA received compensation for the flu study text messages is not relevant to Plaintiff's TCPA claim.

Subject to this objection, MRA did not receive any compensation for sending the flu study text messages.  Text message recruiting is a free service MRA sometimes provides to its customers.

**INTERROGATORY NO. 24:**

Do you consider the Subject Text Message to constitute "Text Marketing" as that term is used on your website (http://www.miamiresearch.com/patient-recruitment-mra-EP.htm). If not, please explain why you do not believe that the Subject Text message constitutes "Text Marketing."

**RESPONSE TO INTERROGATORY NO 24:**

MRA objects to this Interrogatory as overly broad and not relevant and proportional to the needs of the case, because whether the flu study text messages "constitute 'Text Marketing' as that term is used on" MRA's website is not relevant to Plaintiff's TCPA claim.

Subject to this objection, the flu study text messages were sent to persons who asked MRA to contact them with information concerning future medical or clinical research studies in order to invite them to participate in the flu study.

**INTERROGATORY NO. 25:**

Describe the process, if any, used by you to confirm that the individual identified in connection with a telephone number in your database is in fact the owner of that telephone number.

**RESPONSE TO INTERROGATORY NO 25:**

MRA objects to this Interrogatory as overly broad and not relevant and proportional to the needs of the case, because whether there is a "process . . . to confirm that the individual identified in connection with a telephone number in your database is in fact the owner of that telephone number" is not relevant to Plaintiff's TCPA claim.

Subject to this objection, the 84444 database does not include the person's name associated with the telephone number that was provided to MRA; rather, the 84444 database only includes the telephone number that was provided to MRA as the person's contact number.

## VERIFICATION

I, Jack R. Mesa, declare as follows:

I am the Director of Advertising & Media Relations for Defendant Miami Research Associates, LLC ("MRA") and am authorized to make this verification on behalf of MRA. I have read MRA's Responses to Plaintiff's First Set of Interrogatories to Defendant and am familiar with the content of this document. Based on my personal knowledge and/or the corporate sources of information available to me, I hereby swear and believe that the facts set forth in the foregoing document are true to the best of my knowledge. By making this verification, I do not attest to any legal conclusions or objections.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed at Miami, Florida on this __7th____ day of _June_____ 2017.

By: Jack R. Mesa
Title: Director of Advertising & Media Relations

Dated:  June 7, 2017

Respectfully submitted,

*/s/ Clay M. Carlton*

Robert M. Brochin (Fla. Bar No. 319661)
Brian M. Ercole (Fla. Bar No. 0102189)
Clay M. Carlton (Fla. Bar No. 85767)
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard, Ste. 5300
Miami, FL 33131-2339
Telephone: (305) 415-3000
Facsimile: (305) 415-3001
Email: bobby.brochin@morganlewis.com
Email: brian.ercole@morganlewis.com
Email: clay.carlton@morganlewis.com

-and-

Ezra D. Church (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
Email: ezra.church@morganlewis.com

*Attorneys for Defendant Miami Research Associates, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2017, I caused a true and correct copy of Defendant Miami Research Associates, LLC's Responses To Plaintiff's First Set Of Interrogatories To Defendant to be served on all counsel of record through electronic mail.

_____
Clay M. Carlton