## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO.: 1:17-cv-20459-JLK

DESIREE MARENGO,
individually and on behalf of all
others similarly situated,                          **CLASS ACTION**

      Plaintiff,                                **JURY TRIAL DEMANDED**

v.

MIAMI RESEARCH ASSOCIATES, LLC,
d/b/a QPS MIAMI RESEARCH ASSOCIATES,
a Florida corporation,

      Defendant.
_____/

## PLAINTIFF'S *UNOPPOSED* MOTION
## FOR PRELIMINARY APPROVAL OF CLASS ACTION
## SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Desiree Marengo ("Plaintiff"), individually and on behalf of all others similarly situated (identified herein as the "Settlement Class"), respectfully requests, pursuant to Fed. R. Civ. P. 23(e), that the Court enter an order (1) preliminarily approving the parties' proposed Class Action Settlement Agreement and Release (the "Agreement"), attached hereto as **Exhibit 1**, certifying the Settlement Class, appointing Plaintiff Desiree Marengo as the class representative and Hiraldo P.A., Shamis & Gentile P.A. and Edwards Pottinger, LLC as Class Counsel, (2) approving the form of the Class Notice attached as **Exhibit C** to the Agreement and its dissemination to the Settlement Class by U.S. mail and website, and (3) setting dates for opt-outs, objections, and a fairness hearing.

### I.    INTRODUCTION

Plaintiff Desiree Marengo alleges that in January 2017 she received three automated text message advertisements on her cellular telephone from Defendant Miami Research Associates, LLC ("MRA"). [DE 1, e.g. par. 25].  On February 5, 2017, Ms. Marengo filed a class action complaint against Defendant MRA alleging that MRA violated the TCPA, a federal privacy statute which affords consumers a private right of action, seeking statutory damages for the Class.

The Agreement was negotiated over the course of a full day court-ordered mediation conducted by mediator Rodney Max. Plaintiff and Class Counsel have investigated the facts and law underlying the claims asserted in the Action. Plaintiff's Counsel also engaged in numerous discussions with Defendant's counsel regarding the claims. Defendant continues to deny all material allegations and claims asserted in the Action and the Complaint, and it denies all allegations of wrongdoing and liability. Defendant further contends that the Action is not amenable to class certification and that Plaintiff and the class that it seeks to represent are not entitled to any form of damages or relief. In addition, Defendant maintains that it has meritorious defenses to all claims alleged in the Action and it is prepared to defend the Action. Only because of the risks, uncertainties, burden and expense of continued litigation, and not as an admission of any guilt, does Defendant desire to settle the Action on the terms set forth herein.

Plaintiff and her counsel believe that the claims asserted in the Action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation and any subsequent appeal, Plaintiff and her counsel believe that it is desirable that the Action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in the Settlement Agreement. Plaintiff and her counsel have concluded that the terms and conditions of the Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action. The Agreement is the result of extensive mediation and negotiations.

The Agreement provides, *inter alia*, for a Settlement Fund requiring Defendant to pay $130.00 per text message to Settlement Class members who submit Claims and potential awards of attorneys' fees and incentive awards to the named Plaintiff, as well as injunctive relief. The Settlement requires Defendant to make available up to $1,236,300 to pay timely valid claim submissions. The parties will create a website and notice will be sent by U.S. mail to those class members for whom mailing addresses can be determined. The Agreement provides for a release of claims as set forth therein. A proposed Preliminary Approval Order is attached as **Exhibit E** to the Settlement Agreement and will be submitted to the Court electronically as directed. If approved, the Agreement will produce an efficient resolution to a hard-fought litigation. Through this unopposed motion, Plaintiff seeks entry of an order providing for the following:

1. Preliminary approval of the Agreement;

2. Preliminary certification of the Settlement Class, and appointment of Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

3. Approval of Angeion Group, as the Settlement Administrator;

4. Approval of the Settlement Class Notice Program;

5. Approval of the Claims process set forth in the Agreement; and

6. The scheduling of a Fairness Hearing.

Plaintiff submits that the proposed Agreement is fair and within the range of similar TCPA class action settlements given Defendant's financial circumstances as outlined below. The Agreement provides relief to the Settlement Class where their recovery, if any, would otherwise be uncertain, especially given Defendant's willingness to continue its vigorous defense of the case. The Agreement was reached only after written discovery and extensive arms-length negotiations. For these reasons, and as further discussed below, Plaintiff requests the Court's preliminary approval of the Agreement.

## II.   BACKGROUND

### A.   Facts

The Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and its implementing regulations were enacted by Congress and the Federal Communications Commission to "offer consumers greater protection from intrusive telemarketing calls…." Defendant is a Florida limited liability company whose principal office is in Miami, Florida. Defendant directs, markets, and provides its business activities throughout the State of Florida. Plaintiff alleges that Defendant obtained Settlement Class cell phone numbers and sent them text message invitations encouraging future purchase or investment in property, goods, or services. Plaintiff was the alleged recipient of three (3) text messages from Defendant. Plaintiff filed the instant action alleging violations of the TCPA.

### B.   Procedural History

On or about February 5, 2017, Plaintiff filed her Complaint in the United States District Court for the Southern District of Florida alleging that Defendant improperly sent text messages in violation of the TCPA. [DE 1]. Marengo alleged that she and members of the class received text messages from MRA without prior express consent or express written consent, which harmed

3

her and the class (the "Allegations").  Plaintiff sought damages under the TCPA on behalf of herself and  the following proposed class:

> All persons within the United States who, within the four years prior to the filing of this Complaint, received a telephone call or text message made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, without emergency purpose and without the recipient's prior express consent.

On March 22, 2017, Defendant filed an Answer and Affirmative Defenses in response to Plaintiff's Complaint.  [DE 10].  On June 8, 2017, the Court entered a scheduling order and discovery commenced shortly thereafter. Plaintiff served Requests for Production, Requests for Admissions, and Interrogatories on Defendant.  Defendant responded to the written discovery and produced hundreds of pages of documents. Thereafter, the parties met and conferred several times concerning Plaintiff's contention that Defendant's document production was deficient.  Plaintiff ultimately moved to compel discovery [DE 25].  Defendant opposed the motion [DE 29] and Plaintiff filed a reply in support of the motion [DE 30] which concluded the parties' briefing.  The Court set a hearing on the motion to compel for October 2, 2017. The parties requested and obtained a continuance of the hearing on the motion to compel to afford an opportunity to attend court-ordered mediation.

### Settlement Negotiations

The parties attended mediation on October 25, 2017, in which they reached an agreement in principle to settle the litigated claims in this action on a class-wide basis, subject to Court approval. The Parties have worked diligently to draft and finalize a written settlement agreement and to prepare a motion seeking preliminary approval from the Court of the class-wide settlement. Declaration of Manuel S. Hiraldo ("Hiraldo Decl."), attached as **Exhibit 2**, ¶ 14.

### D. Defendant's Financial Circumstances

Although Defendant denies any liability or wrongdoing related to this Action, Defendant sought to attend court-ordered mediation early because of its limited financial resources. Hiraldo Decl., ¶ 15.  Defendant would suffer millions of dollars in damages if it were exposed to full statutory damages under the TCPA. Hiraldo Decl., ¶ 15. The Settlement Fund is significant given Defendant's limited financial resources.  *Id.*  Defendant's willingness to make such a significant

amount available to the Settlement Class supports a finding that the Agreement is a just and fair resolution of the claims in this litigation.

### III.   SUMMARY OF THE SETTLEMENT

If approved by the Court after notice to the Settlement Class, the parties' settlement agreement would resolve this action and the controversy regarding all text messages sent by Defendant.

Some of the material terms of the Agreement are as follows:

A.   <u>The Settlement Class</u>:   Pursuant to Fed. R. Civ. P. 23, the Parties agree to certification, for purposes of the Settlement and the Agreement only, of the following Settlement Class:  All persons (i) identified in the Settlement Class List (ii) who received a text message from MRA relating to the investigational bird flu vaccine study ("flu study") (iii) between January 1, 2017 and February 1, 2017. Persons meeting this definition are referenced herein collectively as the "Settlement Class," and individually as "Settlement Class Members."   This class specifically excludes persons in the following categories: (A) individuals who are or were during the Class Period officers or directors of MRA or any of its respective affiliates; (B) the district judge and magistrate judge presiding over this case, the judges of the United States Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to either of them; and (C) all persons who file a timely and proper request to be excluded from the Settlement Class. Agreement, I.GG.

B.   <u>Injunctive Relief</u>: Defendant agrees to the entry of an injunction.  Specifically, Defendant will not use an automatic telephone dialing system to text message telephone numbers assigned to cellular telephones without express permission of the called party. Agreement, II.B.2.

C.   <u>The Class Representative and Class Counsel</u>:  The parties have agreed that Plaintiff are the Class Representatives and that Hiraldo, P.A., Shamis & Gentile P.A. and Edwards Pottinger LLC are Class Counsel for the Settlement Class. Agreement, I.J.

D.   <u>Settlement Fund</u>:  MRA has agreed to the total maximum amount that it will make available to cover the Claim Settlement Payments, attorneys' fees and Incentive Payment as settlement in full of this Action. Agreement, I.JJ.  Defendant agrees to

pay $130 for each valid claim submission and will make available up to $1,236,300.00 to pay valid claim submissions.  Defendant will also pay, form the Settlement Fund, reasonable attorneys' fees and costs ("Attorneys' Fee Awards"), incentive awards to the Plaintiff ("Incentive Awards"), and notice and administration costs ("Notice And Administration Costs"). *Id.*, I.H, I, and JJ.

E.   <u>Monetary Relief to the Members of the Settlement Class</u>:  Settlement Class Members who submit a valid and timely Claim Form, shall receive a Claim Settlement Payment in the amount of $130.00. *Id.*, I.G and II.B.1.

F.   <u>Class Notice</u>: The parties have agreed to notify the Settlement Class about the settlement by sending the notice and claim form by U.S. mail. *Id.*, I.K and II.B. The notice includes instructions about opting out, objecting, or submitting a claim form to the Settlement Administrator by mail. *Id.* In addition, the parties have agreed to publish notice in a manner that satisfies due process. *Id.* Finally, the parties will cause to be created a settlement website that will provide information and relevant documents related to the Settlement, including a downloadable Claim Form that must be submitted by U.S. Mail. *Id.* The notice program is designed to provide the Settlement Class with important information regarding the settlement and their rights thereunder, including a description of the material terms of the settlement; a date by which Settlement Class members may exclude themselves from or "opt-out" of the Settlement Class; a date by which they may object to the Agreement, Class Counsel's fee application and/or the request for an Incentive Award; the date of the Fairness Hearing; information regarding the Settlement Website where Settlement Class members may access the Agreement, and other important documents. *Id.* A copy of the proposed Class Notice is attached as **Exhibit C** to the Agreement.

G.   <u>Claims</u>:

1.   The class notice includes a simple Claim Form for submitting claims for cash Awards.  The Claim Form is attached to the Settlement Agreement as **Exhibit A**. The Claim Form submitted by each class member must be signed under penalty of perjury and submitted by hard copy.  A claiming class member must provide the following information:  (1) name; (2) current

address; (3) cellular telephone number(s) at which she or he was sent a text message; and (4) a current contact telephone number.  Once a Settlement Class member submits a Claim Form that is approved by the Settlement Administrator, the Settlement Class Member will receive a cash payment. Untimely Claim Forms will be rejected and those Settlement Class members will not receive a payment. If those same Settlement Class members also fail to timely opt-out, they will remain in the Settlement Class and their claims will be released.  Settlement Class Claimants will be sent their Settlement Fund Payments to the address they submitted on their Claim Form.

2.      Settlement Administrator.  The Parties, subject to approval of the Court, have selected Angeion Group ("Angeion") as the Settlement Administrator. *See* Hiraldo Decl., at ¶ 16.  In order to locate Class Members, Angeion will conduct a historical reverse lookup of telephone numbers to determine the mailing address of the owner of the number at the time a text message was transmited by Defendant.  *See* Agreement at III.A. Once the Class Members are identified, Angeion will be responsible for, among other things:

a.  The CAFA Notice as required by statute;

b.  The Settlement Class Notice Program as set forth in the Agreement;

c.  The Settlement Website; and

d.  The claims' process set forth in Section VIII of the Agreement as well as any additional processes agreed to by Class Counsel and Defendant Counsel and subject to the Court's supervision and direction as circumstances may require.

Agreement, III.

H.      <u>Release:</u>  In consideration of the relief provided by the Settlement, the Settlement Class will release all claims that were brought or could have been brought, as defined in the Agreement, in this action against Defendant and the released parties. Agreement, V.

I.     <u>Attorneys' Fees and Costs and Class Representative Incentive Payment</u>:   Class Counsel will petition the Court for an award of reasonable attorneys' fees plus expenses not to exceed Three Hundred Ninety Thousand Dollars ($390,000.00), to be paid by MRA from the Settlement Fund. Agreement, II.C.1. This award shall be Class Counsel's total recovery for attorneys' fees, costs, and/or adequately supported expenses of any kind.  In addition, Class Counsel will request approval of an incentive payment not to exceed $7,500 to be paid to the Class Representative. Agreement, II.C.2.

## IV.     THE PROPOSED SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

### A.  <u>Legal Standard</u>

As a matter of public policy, courts favor settlements of class actions for their earlier resolution of complex claims and issues, which promotes the efficient use of judicial and private resources. *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). The policy favoring settlement is especially relevant in class actions and other complex matters, where the inherent costs, delays and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See, e.g., Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002) ("There is an overriding public interest in favor of settlement, particularly in class actions that have the well-deserved reputation as being most complex.") (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)); *see also 4 Newberg on Class Actions* § 11.41 (4th ed. 2002) (citing cases).

Approval of a class action settlement is a two-step process. *Fresco v. Auto Data Direct, Inc.*, 2007 WL 2330895, at *4 (S.D. Fla. 2007).  Preliminary approval is the first step, requiring the Court to "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *Id.* (citations omitted). In the second step, after notice to settlement class members and time and opportunity for them to object or otherwise be heard, the court considers whether to grant final approval of the settlement as fair and reasonable under Rule 23. *Id.*

The standard for granting preliminary approval is low—a proposed settlement will be preliminarily approved if it falls "within the range of possible approval" or, otherwise stated, if there is "probable cause" to notify the class of the proposed settlement and "to hold a full-scale hearing on its fairness[.]" *In re Mid-Atl. Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1384 (D. Md. 1983) (quoting MANUAL FOR COMPLEX LITIGATION § 1.46 at 62, 64-65 (1982)); *see also*

NEWBERG ON CLASS ACTIONS § 13:13 (5th ed. 2016) ("Bearing in mind that the primary goal at the preliminary review stage is to ascertain whether notice of the proposed settlement should be sent to the class, courts sometimes define the preliminary approval standard as determining whether there is 'probable cause' to submit the [settlement] to class members and [to] hold a full-scale hearing as to its fairness."). Thus, "[p]reliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are not obvious deficiencies, and the settlement falls within the range of reason." *In re Checking Account Overdraft Litig.*, 275 F.R.D. 654, 661-62 (S.D. Fla. 2011).

Class Counsel and Defendant respectfully request that the Court take the first step in the process and grant preliminary approval. The Agreement is clearly within the range of reasonableness, and satisfies all standards for preliminary approval.

## B. Recovery for Class Members

As indicated above, Defendant has agreed to make available up to $1,236,300.00 to fund Claim Settlement Payments of $130 for each Claimant and will fully fund all costs of settlement administration, including all costs of notice, attorney fees, costs, and incentive award.

Additionally, Defendant has agreed to change its business practices to ensure compliance with the TCPA. These changes include policies and practices to ensure that Defendant obtains adequate consent from individuals before sending text messages to those individuals. Agreement, II.B.2.

## C. The Criteria for Preliminary Approval Have Been Satisfied

Each of the relevant factors weighs heavily in favor of preliminary approval of the Agreement. First, the Agreement was reached in the absence of collusion, and is the product of good-faith, informed and arm's length negotiations by competent counsel. Furthermore, a preliminary review of the factors related to the fairness, adequacy and reasonableness of the Agreement demonstrates that it fits well within the range of reasonableness, such that approval is appropriate.

Any settlement requires the parties to balance the merits of the claims and defenses asserted against the attendant risks of continued litigation and delay. Plaintiff and Class Counsel believe that the claims asserted are meritorious and that Plaintiff would prevail if this matter proceeded to trial. Defendant contends that Plaintiff's claims are unfounded, denies any liability, and has shown a willingness to litigate vigorously. The Parties concluded that the benefits of the Agreement

outweigh the risks and uncertainties attendant to continued litigation that include, but are not limited to, the risks, time and expenses associated with completing trial and any appellate review.

### D.   <u>The Agreement is the Product of Good Faith, Arms-Length Negotiations</u>

A class action settlement should be approved so long as a district court finds that "the settlement is fair, adequate and reasonable and is not the product of collusion between the parties." *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977); *see also Lipuma v. American Express Co*., 406 F. Supp. 2d 1298, 318-19 (S.D. Fla. 2005) (approving class settlement where the "benefits conferred upon the Class are substantial, and are the result of informed, arms-length negotiations by experienced Class Counsel"). The Agreement here is the result of significant, arm's-length negotiations between experienced attorneys who are familiar with class action litigation and with the legal and factual issues of this action.

Class Counsel effectively represented Plaintiff throughout the litigation and conducted a thorough analysis of Plaintiff's claims based upon their investigation and documents produced by Defendant through discovery. Accordingly, Class Counsel possessed all of the information necessary to evaluate the case and reach a fair and reasonable compromise.

Likewise, the Parties enlisted the services of an experienced court-appointed neutral mediator, Rodney Max, to facilitate negotiations and ensure that the settlement was fair, reasonable and adequate.

### E.   <u>The Facts Support a Preliminary Determination that the Settlement is Fair, Adequate, and Reasonable</u>

Class Counsel are confident in the strength of Plaintiff's case, but are also pragmatic in their awareness of the various defenses available to Defendant, and the risks inherent in trial and post-judgment appeal. The success of Plaintiff's claims, turn on questions that would arise at summary judgment, trial, and during an inevitable post-judgment appeal. Further, it still remains unclear whether Plaintiff would be able to certify a class for resolution of the asserted claims at trial. Under the circumstances, Class Counsel appropriately determined that the Agreement outweighs the risks of continued litigation. Even if Plaintiff and the Settlement Class prevailed at trial, any recovery could be delayed for years by an appeal. *Lipuma*, 406 F. Supp. 2d at 1322 (likelihood that appellate proceedings could delay class recovery "strongly favor[s]" approval of a settlement). The Agreement provides substantial relief to Settlement Class Members, without further delay.

When evaluating "the terms of the compromise in relation to the likely benefits of a successful trial . . . the trial court is entitled to rely upon the judgment of experienced counsel for the parties." *Cotton*, 559 F.2d at 1330. "Indeed, the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel." *Id.*  Courts have determined that settlements may be reasonable even where plaintiffs recover only part of their actual losses. *See Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534, 542 (S.D. Fla. 1988) ("[T]he fact that a proposed settlement amounts to only a fraction of the potential recovery does not mean the settlement is unfair or inadequate"). "The existence of strong defenses to the claims presented makes the possibility of a low recovery quite reasonable." *Lipuma*, 406 F. Supp. 2d at 1323.

The cash recovery in this case is more than reasonable, given Defendant's financial circumstances as discussed above, the complexity of the litigation and the significant risks and barriers that loomed in the absence of settlement including, but not limited to, a motion for class certification, a motion for summary judgment, *Daubert* motions, trial, and appellate review following a final judgment. There can be no doubt that the Agreement is a fair and reasonable recovery for the in light of Defendant's defenses, the uncertainty of class certification, and the challenging and unpredictable path of litigation that Plaintiff and all Settlement Class members would face absent a settlement.

### F. <u>Certification of the Settlement Class is Appropriate</u>

For settlement purposes, Plaintiff and Class Counsel respectfully request that the Court certify the Settlement Class as defined above. "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  Certification of the proposed Settlement Class will allow notice to inform Settlement Class members of the existence and terms of the Agreement, of their right to object and be heard on its fairness, of their right to opt-out, and of the date, time and place of the Final Approval Hearing. *See Manual for Compl. Lit.*, at §§ 21.632, 21.633. For the reasons set forth below, certification is appropriate under Rule 23(a) and (b)(3).

Certification under Rule 23(a) of the Federal Rules of Civil Procedure requires that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect

the interests of the class. Under Rule 23(b)(3), certification is appropriate if the questions of law or fact common to the members of the class predominate over individual issues of law or fact and if a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The numerosity requirement of Rule 23(a) is satisfied because the Settlement Class consists of approximately 9,500 individuals, and joinder of all such persons is impracticable. *See* Fed. R. Civ. P. 23(a)(1); *Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members "from a wide geographical area").

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541, 2551 (2011) (citation omitted). Here, the commonality requirement is readily satisfied. There are multiple questions of law and fact – centering on Defendant's invitational text messages – that are common to the Settlement Class, that are alleged to have injured all Settlement Class members in the same way, and that would generate common answers.

For similar reasons, Plaintiff's claims are reasonably coextensive with those of the absent class members, such that the Rule 23(a)(3) typicality requirement is satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members"). Plaintiff is typical of absent Settlement Class members because she received a text message from Defendant, and claims to have suffered the same injuries.

Plaintiff and Class Counsel also satisfy the adequacy of representation requirement. Adequacy under Rule 23(a)(4) relates to (1) whether the proposed class representative has interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake this litigation. *Fabricant*, 202 F.R.D. at 314. The determinative factor "is the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the members of the class." *Lyons v. Georgia-Pacific Corp. Salaried Employees*

*Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000) (internal quotation marks omitted). Plaintiff's interests are coextensive with, not antagonistic to, the interests of the Settlement Class, because Plaintiff and the absent Settlement Class Members have the same interest in the relief afforded by the Settlement, and the absent Settlement Class Members have no diverging interests.

Further, Plaintiff and the Settlement Class are represented by qualified and competent Class Counsel who are well-respected members of the legal community, and who have experience in the areas of consumer rights and class action litigation. They have litigated, and are presently litigating, multiple cases nationally, and have the resources necessary to conduct litigation of this nature. *See* Declaration of Seth Lehrman, attached as **Exhibit 3,** Declaration of Manuel S. Hiraldo, attached as **Exhibit 2**, and Declaration of Andrew Shamis, attached as **Exhibit 4**. Class Counsel, Manuel S. Hiraldo and Seth Lehrman, were recently appointed as class attorneys, along with co-counsel, in the contested matter of *Mohamed v. Off Lease Only, Inc*. *See* No. 15-cv-23352, 2017 U.S. Dist. LEXIS 89031 (S.D. Fla. June 8, 2017) ("we find that Plaintiff's counsel will adequately protect the interests of the absent class members. Plaintiff's attorneys are experienced in prosecuting class actions and have demonstrated familiarity with the TCPA. Counsel has also demonstrated that they will capably advocate on Plaintiff's behalf, as reflected by the substantial motion practice in this action. Accordingly, we find the adequacy requirement of Rule 23(a)(4) to be satisfied with respect to Plaintiff and his attorneys"). Additionally, Class Counsel, Andrew Shamis, is counsel in a TCPA matter that recently received preliminary approval of an $8,000,000.00 settlement on behalf of a class of 80,000 text message recipients. *See Gottlieb v. Citgo Petroleum Cop*, No. 16-cv-81911, D.E. 61. Seth Lehrman is an experienced class action attorney who has been appointed class counsel, has won contested certification, obtained court approval of class action settlements, and has tried a class action case with co-counsel. See Lehrman Decl., ¶¶ 8 - 14. In all, Class Counsel have diligently investigated and dedicated substantial time and financial resources to the investigation and prosecution of the claims at issue. *Id*., at 17 and 19.

Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc*., 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). Plaintiff readily satisfies the Rule 23(b)(3) predominance

requirement because liability questions common to all Settlement Class members substantially outweigh any possible issues that are individual to each Settlement Class member. Further, resolution of thousands of claims in one action is far superior to individual lawsuits, because it promotes consistency and efficiency of adjudication. *See* Fed. R. Civ. P. 23(b)(3). For these reasons, the Court should certify the Settlement Class.

### G. <u>The Proposed Notice Plan Should be Preliminarily Approved</u>

"Rule 23(e)(1)(B) requires the court to direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." *Manual for Compl. Lit*. § 21.312 (internal quotation marks omitted). The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950). To satisfy this standard, "[n]ot only must the substantive claims be adequately described but the notice must also contain information reasonably necessary to make a decision to remain a class member and be bound by the final judgment or opt-out of the action." *Twigg v. Sears, Roebuck & Co*., 153 F.3d 1222, 1227 (11th Cir. 1998) (internal quotation marks omitted); *see also* Manual for Compl. Lit., § 21.312 (listing relevant information).

The Notice program satisfies all of these criteria. As recited in the Settlement and above, the proposed notice plan will inform Settlement Class members of the substantive terms of the Agreement. It will advise Settlement Class members of their options for remaining part of the Settlement Class, for objecting to the Agreement, Class Counsel's Attorneys' fee application and/or request for Service Award, or for opting-out of the Agreement, and how to obtain additional information about the Agreement. The notice plan is designed to reach a high percentage of Settlement Class members, and exceeds the requirements of Constitutional Due Process. Therefore, the Court should approve the Notice Program and the form and content of the Notices.

### H. <u>Proposed Scheduling of Events</u>

In connection with preliminary approval of the Agreement, Plaintiff respectfully submits that the Court should also set a date and time for the Fairness Hearing. Plaintiff proposes the following other dates:

| Event | Date |
|---|---|
| Deadline for Settlement Administrator to complete Class Notice Program.  Agreement at I.L; II(B)(1). | 60 days after the Preliminary Approval Order has been executed and entered by the Court and received by counsel for the Parties (the "Notice Deadline") |
| Deadline for opting-out of Settlement and submission of objections.  Agreement at I(Z); I(Y). | 30 days after the Notice Deadline |
| The last day that Settlement Class Members may submit a Claim Forms.  Agreement at I(D). | 60 days after the Notice Deadline |
| Deadline for filing papers in support of Final Approval of the Settlement and Class Counsel's and application for an award of attorneys' fees and expenses. | 45 days after the Notice Deadline |
| Responses to Objections. | 7 days prior to the Fairness Hearing |
| The Fairness Hearing | Approximately 90 days after the Preliminary Approval Date |

## V.   CONCLUSION

Based on the foregoing, Plaintiff, Class Counsel, respectfully request that the Court: (1) grant preliminary approval of the Agreement; (2) certify for settlement purposes only the proposed Settlement Class, pursuant to Rule 23(b)(3) and (e) of the Federal Rules of Civil Procedure; (3) approve the Settlement Class Notice Program set forth in the Agreement and approve the form and content of the notices and Claim Form, attached to the Agreement; (4) approve and order the opt-out and objection procedures set forth in the Agreement; (5) appoint Plaintiff Desiree Marengo as Class Representative; (6) appoint as Class Counsel the undersigned counsel; and (7) schedule a Fairness Hearing.   A Proposed Preliminary Approval Order is attached as **Exhibit E** to the Settlement Agreement.

**WHEREFORE**, Plaintiff, respectfully requests an order granting the instant motion and for such other relief the Court deems appropriate under the circumstances.

15

## <u>LOCAL RULE 7.1 CERTIFICATE</u>

Pursuant to Local Rule 7.1, I hereby certify that counsel for Defendant does not oppose the instant motion or relief requested herein.

Dated:  December 15, 2017          Respectfully submitted,

<u>*/s/ Seth Lehrman*</u>
Seth M. Lehrman (FBN 132896)
E-mail: seth@epllc.com
EDWARDS POTTINGER, LLC.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

Manuel S. Hiraldo (FBN 030380)
E-mail: mhiraldo@hiraldolaw.com
HIRALDO P.A.
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Telephone: 954-400-4713

Andrew J. Shamis (FBN 101754)
E-mail: efilings@sflinjuryattorneys.com
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 400
Miami, Florida  33132
Telephone: 305-479-2299
Facsimile: 786-623-0915

*Counsel for Plaintiff*

16

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 15, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Seth M. Lehrman*
Seth M. Lehrman
