UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-cv-20459-JLK

DESIREE MARENGO,
Individually and on behalf of all
Others similarly situated,

    Plaintiff,

v.

MIAMI RESEARCH ASSOCIATES, LLC,
d/b/a QPS MIAMI RESEARCH ASSOCIATES,
a Florida corporation,

    Defendant.
_____/

## ORDER DENYING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES WITHOUT PREJUDICE

**THIS CAUSE** comes before the Court upon Plaintiff's Unopposed Motion for Approval of Settlement, Attorney Fees, and Expenses (DE 48) filed March 2, 2018.

On April 26, 2018, the Court held a duly noticed final approval hearing to consider: (1) Whether the terms and conditions of the Settlement Agreement are reasonable and adequate; (2) whether a judgment should be entered dismissing Plaintiff's Complaint on the merits and with prejudice in favor of Defendant, Miami Research Associates ("MRA"); and (3) whether and in what amount to award counsel for the settlement class attorneys' fees and expenses and whether and in what amount to award an incentive payment to Plaintiff. No objections were filed as to the terms of the Settlement Agreement and the Defendant is in full agreement with the settlement, including the $390,000 award of attorney's fees that the Plaintiff has requested. For

the following reasons, the Court denies approval to the parties' final Settlement Agreement and motion for attorneys' fees and costs.

## Procedural Background

On February 5, 2017, Plaintiff filed a class action complaint against Defendant MRA alleging that MRA violated the Telephone Consumer Protection Act ("TCPA"). The TCPA is a federal privacy statute which affords consumers a private right of action. The Plaintiff alleges that in January 2017 she received three automated text message advertisements on her cellular telephone from MRA (DE 1, ¶ 25). On March 22, 2017, the Defendant filed its answer and affirmative defenses in response to Plaintiff's Complaint (DE 10). On March 24, 2017, the Court entered its Scheduling Order (DE 14) and discovery commenced thereafter.

Between February to December 2017, the parties engaged in limited discovery. On July 27, Plaintiff moved to compel discovery (DE 25). Defendant's Response objecting to Plaintiff's Motion to compel (DE 32) was filed on September 1, 2017 and denied on January 18, 2018 (DE 45) as moot. Other than this motion, no other motions were filed. On October 25, 2017, the parties participated in a one-day court-ordered mediation that resulted in a settlement (DE 39). On December 18, 2017, the Court granted preliminary approval to the proposed class settlement, provisionally certified the class, approved the procedure for giving class notice to the settlement class members, and set fairness hearing (DE 44) for April 26, 2018 (DE 52).

The Settlement Agreement provides for a settlement fund requiring Defendant to pay $130 for each text message submitted by class members. The claims are subject to verification. The settlement requires Defendant to make available up to $1,236,300 to pay timely and valid claim submissions, including $390,000 for attorneys' fees and costs associated with the notice program and settlement administration.

At the Fairness Hearing, Plaintiff Class Counsel presented legal argument in support of the Plaintiff's Motion for Final Approval of the Settlement Agreement and presented the Court with the final results of the settlement administration process. Plaintiff counsel stated that of the apprxomiately 9,500 consumers who received text message advertisements from Defendant, 8,263 individuals were mailed notices. Out of the 8,263 notices that were mailed out, a total of 3,159 claims were submitted for verification. Ultimately, only 211 claims were validated. This resulted in a total cash benefit potentially available to the Plaintiff class of $27,430. At the fairness hearing, no objections were raised and the Defendant voiced that they were in full agreement with the terms of the settlement. No witnesses were called or any exhibits or documents offered by either counsel.

Upon being questioned by the Court about plaintiff's theory of calculation of his attorneys fee the transcript reflects:

Pg. 9

| | | |
|---|---|---|
| 4 | THE COURT: | So let me get this straight. |
| 5 | You set up a fund of close to one-and-a-quarter million | |
| 6 | dollars. Out of that fund you're going to pay $27,000, and | |
| 7 | you're going to walk away with $390,000; is that what you're | |
| 8 | telling me? | |
| 9 | MR. LEHRMAN: Your Honor, that is the settlement that | |
| 10 | the parties have reached. | |
| 11 | That is accurate, what Your Honor has recited. | |
| 12 | THE COURT: But my obligation is to make a | |
| 13 | determination whether that is fair and reasonable. | |

3

14  And my question is, is it fair and reasonable that you

15  should walk away with $390,000 when the claimants are walking

16  away with $27,000?

17  MR. LEHRMAN:    Your Honor, thank you. I understand the

18  question. I just want to – I think there's actually – I just

19  want to clarify – several questions, potentially, the Court's

20  posing.

21  One is whether the settlement itself is fair,

22  reasonable and adequate given all these circumstances that

23  Your Honor's identified.

24  Another question would be, if the Court finds that the

25  settlement is not fair, reasonable and adequate –

Pg. 10

1  THE COURT:    Right.

2  MR. LEHRMAN:    -- AND THE Court decides – having

3  granted preliminary-approval and provided notice of – the

4  Court now decides to –

5  THE COURT:    And I can find the settlement portion for

6  the claimants to be fair and reasonable, but not the attorney

7  fee portion of it.

*****

Pg. 11

20  THE COURT:    I guess my question there would be, what

21    relationship does your common fund have to reality, when the

22    reality is that you're paying out $27,000?

23    I mean, you might as well – why don't you just call it

24    a billion dollar fund?

25    MR. LEHRMAN:    Well, Your Honor, because a billion

Pg.12

1    dollars was not made available to the settlement class.

2    THE COURT:    But why not? If you know you're only going

3    To – the reality is you're going to pay out $27,000, why not

4    Just call it any number you want and then base your fee award

5    On some arbitrary settlement fund?

Fairness Hearing Trancript

April 26, 2018 (pp 9-10; 11-12)

## **Discussion**

Class counsel base their legal arguments for attorneys' fees and costs totaling $390,000 upon a comparison of percentages of fees awarded in class action cases where the class has benefited and seek an award of $390,000 in attorneys' fees and expenses or approximately 31.5% of the total proposed settlement fund. Class counsel argues that in the Eleventh Circuit, attorneys' fees are based upon a reasonable percentage of the fund established for the benefit of the class. Moreover, class counsel argues that their fee request is within the range of reason under the factors set forth in *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768 (11th Cir. 1991).

In support of their fee request, class counsel states that the settlement here represents a successful result. That is, each class member who submitted a valid claim will receive a

5

settlement benefit in the amount of $130 from the settlement fund. Class counsel states that their fee request is justified and appropriate because "the case was vigorously contested during the time before settlement," that the claims against defendants "demanded considerable time and labor," and that the "issues involved were novel and difficult, and required the skill of highly talented lawyers." Pls. Mot. for Final Approval at 22. Class counsel contends that the fee requested of approximately 31.5% is in line with various other cases that have found that a 33.33% is within a range of reason.

Based on the minimal docket activity, few pleadings submitted, and evidence presented at oral argument, the Court finds that the cases cited by the Plaintiff are distinguishable from the facts at bar. Plaintiff's cited cases all involved a significant amount of work and effort for the results that were obtained. Here, beyond stating that "all of this work consumed a substantial amount of time," neither of the affidavits submitted by class counsel contains a breakdown of the time devoted to this matter. The record reflects that there was nominal discovery undertaken and that no dispositive motions were filed or briefed. Aside from the fairness hearing held on April 26, 2018, the parties did not appear before the Court or prepare for oral argument. Finally, the record reflects minimal efforts to publicize the terms of the settlement. That is, there was only one round of notifications sent out via U.S. mail. It is routine to send a second or third round of notices to class members regarding the settlement the lawyers agrued or the date of the Court ordered Fairnes Hearing, take advertisements in the local paper, or radio advertisements. In short, there does not appear to have been substantial efforts to increase the number of valid claimants to the settlement. Class counsel submits that the settlement is very favorable to the plaintiff class since each verified claimant will receive $130 dollars. However, only 211 class

members could potentially receive that benefit. The total final benefit conferred to the Plaintiff class would be approximately $27,430.

Counsel elected not to present adequate proof to enable the Court to approve the Settlement Agreement at this time. On these facts, the Court cannot make the essential finding that this Settlement Agreement is fair and reasonable to the Plaintiff class or that the record supports the Motion for Attorneys' Fees and Costs. The fairness hearing held on April 26, 2018 reflects reliance on conclusionary statements from plaintiff's motion that plaintiff's lawyer had "worked hard" on the case and that since defense counsel agreed, the $390,00 fee must be reasonable and should be ordered by the Court. Plaintiff did not call an attorney fee expert (or submit an affidavit) regarding the number of hours spent by each counsel, or the hourly rates each of Plaintiff's three counsel charged to demonstrate consistency with the fee usual and regular charges of the Bar for these services and costs. Judge Middlebrooks in Mahony v. TT of Pineridge, Inc. No 1780029 Civ, required counsel to submit "documentation and sworn declarations supporting a lockestar analysis, including information about the attorney experience for each of Plaintiff's attorneys, the number of hours billed, and the hourly rate that each attorney charged after it had not been submitted by plaintiff at his Fairness Hearing.

The Fairness Hearing held on April 26, 2018 did not cover a number of elements essential to convincing the Court that the Settlement Agreement is fair and reasonable to the class and defendant. For example,
- There was no explanation for why there was not more effort exerted to reaching other members of the plaintiff class;
- There is no proof of the process plaintiff used to verify the claims, or why out of 3,159 total claims submitted, only 211 were actually veritifed;
- There was no proof provided of the defendant's financial ability to respond to plaintiff's claims; although plaintiff argued reliance on the defendant's lack of financial worth as a major reason plaintiff agreed to such a small financial benefit to the class individual claimants.
- There was no documentation provided detailing the breakdown of time spent on the matter by the Settlement Administrator; and

7

- There was no evidence submitted to substantiate the hours plaintiff attorneys worked, or reasonableness of their hourly charges in order to support a fee request of $390,000.
-

Accordingly, the motion is denied without prejudice to refile after the parties furnish the court with expert witnesses, documents and/or affidavits giving the Court the necessary factual basis, as outlined above, to establish the fairness and reasonableness of the Settlement Agreement and motion for attorneys' fees. Accordingly, based on the totality of the circumstances,

It is **ORDERED, ADJUDGED, and DECREED** that the plaintiff's Motion for Attorney's Fees and for Final Approval of Settlement (D.E. #48) be and the same is hereby DENIED WITHOUT PREJUDICE, to file again in accordance with this order.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this 7th day of June, 2018.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: All counsel of record