UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:17-cv-20459-KMW

DESIREE MARENGO,
et al.,

      Plaintiff,

v.

MIAMI RESEARCH ASSOCIATES, LLC,

      Defendant.
_____/

## ORDER GRANTING FINAL APPROVAL OF
## CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

**THIS MATTER** is before the Court on the Parties' joint motion for final approval of settlement. (DE 48). On December 18, 2017, this Court granted preliminary approval to the proposed class action settlement set forth in the Stipulation and Settlement Agreement (the "Settlement Agreement") between Plaintiff Desiree Marengo ("Plaintiff"), on behalf of herself and all members of the Settlement Class,[1] and Defendant Miami Research Associates, LLC ("MRA") (collectively, the "Parties") (DE 44). The Court also provisionally certified the Settlement Class for settlement purposes and approved the procedure for giving Class Notice to the Settlement Class Members. (DE 44).

In an Order denying without prejudice the Motion for Final Approval, Judge King ordered the Parties to submit additional documentation addressing various aspects of the proposed settlement.[2] (DE 56). On July 13, 2018, Plaintiff submitted a supplemental

---

[1] Unless otherwise defined, capitalized terms in this Order have the definitions found in the Settlement Agreement.

[2] On April 18, 2018, the Honorable James Lawrence King, who presided over the case previously, entered an order advising that Chief Judge K. Michael Moore would be presiding over the Fairness Hearing. (DE 52). On April 26, 2018, the Parties attended the Fairness Hearing before Chief Judge Moore. On June 7, 2018, Judge King entered an

memorandum providing the additional information required by the Court's order. (DE 64; DE 65).

Upon a review of the Motion for Final Approval, the supplemental memorandum, and the entire record in this matter, it is **ORDERED AND ADJUDGED THAT**:

I.     **JURISDICTION OF THE COURT**

1.     The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

2.     The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Litigation" or the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

---

Order denying without prejudice the Motion for Final Approval. (DE 56). Judge King requested the following additional information: (1) the effort exerted to reach Settlement Class Members; (2) the process used to verify claims, and why only 211 total claims were approved; (3) Defendant's financial inability to fund a class settlement; (4) a breakdown of the time spent by the Settlement Administrator; and (5) the reasonableness of Class Counsel's fee request. *Id.*

3.       The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class she seeks to represent; (d) Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II.    CERTIFICATION OF SETTLEMENT CLASS

4.       Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement: All persons (i) identified in the Settlement Class List (ii) who received a text message from MRA relating to the bird flu vaccine study ("flu study") (iii) between June 1, 2016 and February 1, 2017. Persons meeting this definition are referenced herein collectively as the "Settlement Class," and individually as "Settlement Class Members."

Notwithstanding the foregoing, this class specifically excludes persons in the following categories: (A) individuals who are or were during the Class Period officers or directors of MRA or any of its respective affiliates; (B) the district judge and magistrate judge presiding over this case, the judges of the United States Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to either of them; and (C) all persons who file a timely and proper request

to be excluded from the Settlement Class in accordance with Section III(D)(1) of the Settlement Agreement.

## III. APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5. The Court finally appoints attorneys Manuel Hiraldo of Hiraldo P.A., Andrew Shamis of Shamis & Gentile, P.A. and Seth Lehrman of Edwards Pottinger LLC as Class Counsel for the Settlement Class.

6. The Court finally designates Plaintiff Desiree Marengo as the Class Representative.

## IV. NOTICE AND CLAIMS PROCESS

7. The Court makes the following findings on notice to the Settlement Class:

(a) The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b) The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment (i) constitute the most effective and practicable notice of the Final Order and Judgment, the relief available to Settlement Class Members pursuant to the Final Order

and Judgment, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

## V.   FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

8.  The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate.  The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

## VI.   ADMINISTRATION OF THE SETTLEMENT

9.  The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions.  The Settlement Administrator is directed to provide Claim Settlement Payments to those Settlement Class Members who submit valid, timely, and complete Claims.

10.  The Court hereby approves Class Counsel's request for attorney fees, costs, and expenses.  The Settlement Administrator shall pay Class Counsel the amount of $390,000 as reasonable attorneys' fees, inclusive of the award of reasonable costs incurred in this Action, in the manner specified in the Agreement.  The Court finds that the requested fees are reasonable under the percentage-of-the fund for the reasons set forth herein.  The award of attorneys' fees and costs to Class Counsel shall be paid out of the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

11. The Court hereby awards Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining MRA's agreement to make significant funds available to Settlement Class Members, subject to submission of valid claims by eligible Settlement Class Members; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of MRA's possible legal defenses and its experienced and capable counsel; (3) Class Counsel have standard contingent fee agreements with Plaintiff, who has reviewed the Settlement Agreement and been informed of Class Counsel's fee request and has approved; and (f) the Class Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Petition in time for Settlement Class Members to make a meaningful decision on whether to object to Class Counsel's fee request, and no Settlement Class Member(s) objected.

12. In addition, the Court has applied the factors articulated in *Johnson v. Georgia Highway Expr., Inc.*, 488 F.2d 714 (5th Cir. 1974), to confirm the reasonableness of fees and costs requested. The court finds and concludes that the following applicable *Johnson* factors support the requested award of attorneys' fees and costs:

> a. *Time and Labor Required, Preclusion from Other Employment and Time Limits Imposed*

The work required of Class Counsel was extensive. These efforts required work

representing Plaintiff and the Settlement Class without compensation. The substantial work necessitated by this case diverted Class Counsel from putting time and resources into other matters.

### b. Case Involved Difficult Issues; Risk of Nonpayment and Not Prevailing on the Claims Was High

This case involved difficult substantive issues, which presented a significant risk of non-payment, including contested issues concerning consent and contested automatic telephone dialing system issues in a setting of developing case law and FCC rulings and recovery being dependent on a successful outcome, which was uncertain.

### c. Class Counsel Achieved an Excellent Result for the Settlement Class

Class Counsel achieved excellent monetary results for the Settlement Class Members. Here, the Settlement required MRA to make available up to $1,236,300 for the Settlement Class and will produce a per person cash benefit that is well within the range of recoveries established by other court approved TCPA class action settlements. *See e.g. Spillman v. RPM Pizza, LLC*, Case No. 3:10-cv-00349.

### d. The Requested Fee is Consistent with Customary Fees Awarded in Similar Cases

Many similar TCPA class settlements provide for one third of the fund. *See Guarisma v. ADCAHB Medical Coverages, Inc., et al.*, 1:13-cv-21016, Doc. 95 (S.D. Fla. June 24, 2015) (awarding one-third plus costs). Common fund attorney fee awards of one-third are "consistent with the trend in this Circuit." *Reyes, et al. v. AT&T Mobility Services, LLC*, No. 10-20837-CIV, [DE 196], at 6. This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. Class Counsel regularly engage in complex litigation involving consumer issues, all have been class counsel in numerous consumer class

7

action cases.

### e. This Case Required a High Level of Skill

Class Counsel achieved a settlement that confers substantial monetary benefits to the Settlement Class despite hard fought litigation against a sophisticated defendant represented by top-tier counsel. *See In re Sunbeam Sec. Litig.,* 176 F. Supp. 2d at 1323, 1334 (S.D. Fla. 2001).

13. The Court awards an Incentive Payment in the amount of $7,500 to Plaintiff Desiree Marengo payable pursuant to the terms of the Settlement Agreement.

## VII. RELEASE OF CLAIMS

14. Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order and Judgment, have fully, finally and forever released, relinquished and discharged MRA and the Released Parties from the Released Claims as set forth in the Settlement Agreement.

15. Furthermore, all Settlement Class Members who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

16. The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

17. The Releases, which are set forth in Section V of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment; and the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a) The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements in Section III(D) of the Settlement Agreement.

(b) The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c) The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted-out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(d) The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

18. Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

## VIII. NO ADMISSION OF LIABILITY

19. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or

statements referred to therein, nor this Final Order and Judgment, nor any of its terms and provisions, shall be:

(a) offered by any person or received against MRA or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by MRA of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Litigation or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing by MRA or any Released Party;

(b) offered by any person or received against MRA or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by MRA or any Released Party; or

(c) offered by any person or received against MRA or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

## IX.  OTHER PROVISIONS

20. This Final Order and Judgment and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

22. In the event that the Effective Date does not occur, this Final Order and Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Litigation.

23. This Litigation, including all individual claims and class claims presented herein, is **DISMISSED** on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers at Miami, Florida, this ___ day of July, 2018.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record